# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DREW STERRETT,

Plaintiff;

v.

HEATHER COWAN, JAY WILGUS,
STACY VANDER VELDE, THEODORE
SPENCER, SUSAN PRITZEL, MIKIKO
SENGA, E. ROYSTER HARPER,
MALINDA MATNEY, ANTHONY
WALESBY, and LAURA BLAKE JONES,
employees of the University of Michigan, in
their personal and official capacities,

Defendants.

Case No: 2:14-cv-11619

Hon. Denise Page Hood

| | |
|---|---|
| DEBORAH GORDON LAW<br>Gordon, Laughbaum & Prescott<br>Deborah L. Gordon (P27058)<br>Carol A. Laughbaum (P41711)<br>33 Bloomfield Hills Pkwy, Suite 220<br>Bloomfield Hills, MI 48304<br>dgordon@deborahgordonlaw.com<br>claughbaum@deborahgordonlaw.com<br>*Attorneys for Plaintiff* | MILLER, CANFIELD, PADDOCK AND STONE, PLC<br>Thomas W. Cranmer (P25252)<br>David O'Brien (P65532)<br>Paul D. Hudson (P69844)<br>840 West Long Lake Road, Suite 200<br>Troy, Michigan 48098<br>Telephone: (248) 879-2000<br>cranmer@millercanfield.com<br>*Attorneys for Defendants Heather Cowan, Jay Wilgus, Stacy Vander Velde, Theodore Spencer, Susan Pritzel, E. Royster Harper, Malinda Matney, Anthony Walesby, and Laura Blake Jones* |

# DEFENDANTS' BRIEF IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## <u>FIRST AMENDED COMPLAINT</u>

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES** ...................................................................................... ii

**INTRODUCTION** ......................................................................................................... 1

**STATEMENT OF FACTS** ........................................................................................... 4

**STANDARD OF REVIEW** .......................................................................................... 7

**ARGUMENT** ................................................................................................................. 8

      A.     Plaintiff Has Failed to State a Claim under Title IX Because He Has
Failed to Plead Any Specific, Non-Conclusory, Plausible Facts Linking
His Alleged Mistreatment to Gender Discrimination. ........................................... 8

      B.     Plaintiff Has Failed to State a Claim under the ELCRA Because He Has
Failed to Plead Any Specific, Non-Conclusory, Plausible Facts Linking
His Alleged Mistreatment to Gender Discrimination. ......................................... 15

      C.     Plaintiff Should Be Prohibited From Seeking to File Any Additional
Claims in This Court. .......................................................................................... 18

**CONCLUSION** ........................................................................................................... 18

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...........................................................................8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................................8

*Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365 (6th Cir. 2011) .........8

*Curto v. Smith*, 248 F. Supp. 2d 132 (N.D.N.Y. 2003) ..................................................13

*Doe v. University of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009) ...........9, 10, 13

*El-Hallani v. Huntington Nat. Bank*, 2014 WL 988957 (E.D. Mich. Mar. 13, 2014) ...........................................................................................................................17

*Fonseca v. Michigan State University*, 214 Mich. App. 28 (1995) ................................16

*Garvin v. Detroit Board of Education*, 2013 WL 951118 (Mich. Ct. App. Feb. 26, 2013) ...........................................................................................................................16

*Keys v. Humana, Inc.*, 684 F.3d 605 (6th Cir. 2012) .....................................................17

*Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, 2013 WL 501446 (E.D. Mich. Feb. 11, 2013) .................................................................................................18

*Mallory v. Ohio University*, 76 Fed. Appx. 634 (6th Cir. 2003) .........................9, 12, 15

*Modesty v. Shockley*, 434 Fed. Appx. 469 (6th Cir. 2011) ............................................18

*Pruitt v. Michigan State University*, 2011 WL 1600499 (Mich. Ct. App. Apr. 28, 2011) .........................................................................................................................13

*Scott v. WorldStarHipHop, Inc.*, 2011 WL 5082410 (S.D.N.Y. Oct. 25, 2011) .............9

*Thiokol Corp. v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993) ........................7

*Wells v. Xavier University*, 2014 WL 972172 (S.D. Ohio Mar. 12, 2014) ..............14, 15

*Yusuf v. Vassar College*, 35 F.3d 709 (2nd Cir. 1994) ...................................................9

*Zwick v. Regents of University of Michigan*, 2008 WL 1902031 (E.D. Mich. Apr. 28, 2008) .........................................................................................................................16

**Statutes**

20 U.S.C. § 1681(a) ..................................................................................................8

42 U.S.C. § 1983 .......................................................................................................5

MCL 37.2402 ...........................................................................................................16

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ...........................................................7, 8

Federal Rule of Civil Procedure 15(a) ..................................................................7

**INTRODUCTION**

On July 28, 2013, the University of Michigan ("University") placed Plaintiff Drew Sterrett on disciplinary probation after a year-long investigation and related proceedings in which it found that he sexually assaulted another student in a campus residence hall.  Plaintiff, who disagrees with the appropriateness of that decision, has been searching for a cause of action that he can bring against the University and its officials ever since.

Plaintiff's first salvo came through the filing of the instant action.  His original complaint alleges that Defendants, all of whom are University employees (and one former student who has not been served), failed to afford him due process in the decision to place him on probation, despite his active and repeated participation – both directly and through counsel – at all stages of the lengthy proceedings leading to his discipline.  Plaintiff also alleges that Defendants denied him the right to free speech by instructing him – while the investigation was ongoing – not to speak with other witnesses in order to maintain the integrity of the fact finding process and preserve student safety.  The case law is clear that these claims have no legal basis, and Defendants timely moved to dismiss this case in its entirety due to Plaintiff's failure to state a claim.  That motion is presently set for hearing before this Court in mid-August.

1

Plaintiff's second effort to find a viable claim came in Washtenaw County Circuit Court. There, he attempted to sue the Regents of the University of Michigan ("Regents") by asserting due process and First Amendment claims nearly identical to the ones at issue in this case. The Regents moved to dismiss that lawsuit on the ground that they are immune from Plaintiff's federal claims under the Eleventh Amendment. Following the filing of that motion, Plaintiff entered into a stipulation to dismiss the case.

Next, Plaintiff filed a third lawsuit – again against the Regents – in the Michigan Court of Claims. In that case, he tried to avoid the doctrine of sovereign immunity by formulating a state-law cause of action, which he calls, "Breach of Contract, Implied Contract, and Legitimate Expectations." The theory underlying that claim is that certain University "policies" – such as a frequently-asked-questions document for "parents, family, attorneys, and friends" explaining student discipline – created a binding or implied contract with him that required the University to follow specific procedures in addressing the allegations of sexual assault made against him. The Regents have filed a motion to dismiss that lawsuit because Michigan law does not recognize any such claim, and that motion is currently awaiting decision by Judge Pat Donofrio.

Now, with one case already disposed of and his two other lawsuits poised for dismissal, Plaintiff has come back full circle to the first action that he filed. In

2

a last ditch effort to find a claim that will stick, he seeks leave to amend his complaint in this case to add a new cause of action for sex discrimination in violation of Title IX of the Education Amendments of 1972 ("Title IX") and the Elliot Larsen Civil Rights Act ("ELCRA").  Specifically, Plaintiff alleges that there was a "rush to judgment" against him in the disciplinary process, that Defendants failed to provide him a fundamentally fair opportunity to be heard, and that they ultimately reached an erroneous outcome, all for the simple reason that he is male.

This claim is no more actionable than any that he has previously filed. While Plaintiff has made it very clear that he does not agree with the University's decision to place him on probation for sexually assaulting a fellow student, he cannot manufacture a cause of action under Title IX or the ELCRA simply by attaching the words "gender discrimination" to that decision.  Rather, the case law is crystal clear that his claim under those statutes must be dismissed unless he is able to allege specific and articulable facts – not conclusion or conjecture – showing that Defendants' actions were motivated by discriminatory animus. Plaintiff has entirely failed to meet that pleading standard.  Indeed, he has not managed to make a single non-conclusory allegation demonstrating that the actions of which he complains on the part of Defendants are the result of gender bias.

Plaintiff has had more than adequate opportunity to state a viable claim arising from the disciplinary decision entered against him.  Despite what is now his

3

fourth effort to find a cause of action to wield against the University or its officials, he still cannot do so. Enough is enough: this Court should not give him any more chances. Defendants respectfully request that it deny Plaintiff's motion for leave to file the proposed first amended complaint and enter an order prohibiting him from seeking to file any new claims without the Court's consent in this forum arising from the University's decision to discipline him.

## STATEMENT OF FACTS

A University of Michigan undergraduate student accused Plaintiff of sexually penetrating her without consent in a University residence hall. *See* ECF No. 1, at ¶ 3. The University undertook a thorough investigation, during which Plaintiff was provided notice of the charges and ample opportunity to defend against them. Specifically, the University interviewed six witnesses, including Plaintiff and the complainant (*id.* ¶¶ 15, 39, 48); provided Plaintiff summaries of the witness interviews (*id.* ¶¶ 49, 71); and permitted Plaintiff to challenge the witness statements in writing (*id.* ¶ 72). The University issued a draft investigation report and solicited comment from Plaintiff (*id.* ¶¶ 77-79); issued a thorough final investigation report detailing the findings and conclusions (*id.* ¶ 84); met with Plaintiff to discuss the report (*id.* ¶ 109); supplemented its investigation based on his concerns (id. ¶120); and issued an addendum to the investigation report based on Plaintiff's written objections through experienced retained counsel (*id.* ¶¶ 110-

4

13).  The University then offered Plaintiff a settlement agreement (*id.* ¶ 126); had four other university officials review the file (*id.* ¶¶ 127-30); permitted Plaintiff to appeal with the aid of counsel (*id.* ¶ 131); and on appeal reduced Plaintiff's sanctions from suspension to a period of disciplinary probation whereby he could resume his studies and graduate from the University of Michigan (*id.* ¶ 139).

Plaintiff refused to submit to any discipline and decided to file lawsuits instead.  On April 3, 2014, he brought this action against the University officials involved in the investigation and disciplinary proceedings against him, alleging two claims for relief.  In Count I of his complaint, Plaintiff brings a claim under 42 U.S.C. § 1983 for alleged violation of his Fourteenth Amendment due-process rights claiming that the extensive procedures afforded him before the University imposed discipline were fundamentally unfair.  In Count II, he brings a § 1983 claim for alleged violation of his First Amendment free-speech rights because the University asked him not to speak with his victim and other fact witnesses during the course of its investigation.  Both of Plaintiff's claims are legally baseless, and on May 20, 2014, Defendants filed a motion to dismiss for failure to state a claim. That motion is fully briefed and scheduled for hearing on August 13, 2014.

Plaintiff sees the writing on the wall, and now seeks leave to file a first amended complaint in an effort to stave off dismissal.  The substance of the proposed amended complaint is identical to the one that he originally filed, except

5

that he adds a new Count III for gender discrimination under Title IX and the ELCRA.[1]   *See* First Amended Complaint ("FAC"), ¶¶ 203-222.   The theory underlying that count is that Defendants were "biased against [him] because of his sex, due in part to the perceived epidemic of sexual assaults on females by males on college campuses."   *Id*. ¶ 208.   He alleges that, as a result of this gender bias, there was a "rush to judgment against him," that he was denied "a fundamentally fair opportunity to be heard," and that "an erroneous outcome was reached."   *Id*. ¶¶ 210, 221.

As with Plaintiff's prior causes of action, he has failed to state a claim on which relief may be granted.   Although Plaintiff repeatedly uses the terms gender bias and gender discrimination in his proposed amendment, he alleges <u>no</u> specific or articulable facts showing that the decision to place him on disciplinary probation for sexually assaulting another student was actually linked to discriminatory animus in any way.   Instead, after spending more than 200 paragraphs trying to explain how the extensive year-long proceedings afforded to him somehow failed to satisfy the minimum dictates of due process, he simply adds a few conclusory paragraphs at the end of his complaint accusing the University of acting against

---

[1] Plaintiff asserts the ELCRA claim against the existing individual defendants.  He seeks to plead the Title IX claim against the Board of Regents, who are not a party to this case but, as the governing body of the University, stand as the entity against which any suit against the University as an institution must be brought.

6

him because he is male.[2]   That does not even come close to the standard for asserting a viable claim of gender discrimination.  Plaintiff's effort to plead a claim under Title IX and the ELCRA is just the latest step in his campaign to find a cause of action in which he can package a set of allegations that are legally untenable.  It should be rejected by this Court.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that a Plaintiff may amend a complaint more than 21 days after the filing of a motion to dismiss only with the permission of the court.  Although the rule states that the court "should freely give leave when justice so requires," it is well established that a court should not give leave when the proposed amendment would be futile.  *See Thiokol Corp. v. Department of Treasury*, 987 F.2d 376, 382-83 (6th Cir. 1993).  The Sixth Circuit has recognized that an amendment is futile if it could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See id.* at 383.

---

[2] Plaintiff states in his motion that these conclusory allegations are somehow "based on additional information discovered since the filing of the original complaint in April, 2014."  ECF No. 35, at 2.  Notably, he fails to specify what new information he has supposedly obtained.  The reality is that there is none. Plaintiff has been raising generic allegations of gender bias since the summer of last year, when he filed an internal complaint against the University accusing it of violating Title IX.  The University hired external counsel to investigate that claim, which found that no such violation had taken place.

7

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" in order to state a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible only "when the plaintiff pleads <u>factual content</u> that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (emphasis added). Conclusory allegations, or generic allegations of fact which raise the "mere possibility of misconduct" are not enough. *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (internal citations omitted).

## ARGUMENT

A.   <u>Plaintiff Has Failed to State a Claim under Title IX Because He Has Failed to Plead Any Specific, Non-Conclusory, Plausible Facts Linking His Alleged Mistreatment to Gender Discrimination</u>.

Title IX provides, in relevant part, that, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). There is no question that the statute "bars the imposition of university discipline where gender is a

8

motiving factor in the decision to discipline." *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2nd Cir. 1994) (cited with approval in *Mallory v. Ohio University*, 76 Fed. Appx. 634 (6th Cir. 2003)). A plaintiff cannot state a claim under Title IX, however, simply by pleading that the process leading to the imposition of discipline or the disciplinary decision itself was unfair. "[A]llegations of a procedurally or otherwise flawed proceeding that has led to an adverse and erroneous outcome . . . is not sufficient to survive a motion to dismiss." *Id*.

Gender discrimination is "the critical component of any Title IX claim." *Doe v. University of the South*, 687 F. Supp. 2d 744, 757 (E.D. Tenn. 2009). Therefore, a plaintiff must allege "particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding." *Yusuf*, 35 F.3d at 715. The law is clear that "conclusory allegation[s] of gender discrimination" do not suffice. *Id*. Rather, a plaintiff must make specific factual allegations showing gender bias, such as "statements by members of the disciplinary tribunal, statements by pertinent university officials, or patterns of decision-making that also tend to show the influence of gender." *Id.*; *accord Scott v. WorldStarHipHop, Inc*., 2011 WL 5082410, at *5-*6 (S.D.N.Y. Oct. 25, 2011) (dismissing Title IX claim by male student seeking to challenge the discipline imposed by his school for his role in a physical altercation with two female students because plaintiff "alleged no facts that would give rise to an inference of discriminatory animus" and thus there

was "no nonconclusory allegation of gender bias"); *Doe*, 687 F. Supp. 2d at 756 (dismissing Title IX claim where male student "failed to plead facts sufficient to support a finding" that the discipline imposed upon him by his school for sexually assaulting a female student was the result of "sexual bias").

Plaintiff's proposed amended complaint does not even come close to meeting this pleading standard. Rather than allege facts to support a claim of gender bias, Plaintiff simply elects to plead – repeatedly – the labels and buzzwords tied to Title IX claims. Count III is literally peppered with legal conclusions about the gender discrimination that Plaintiff supposedly faced in the University's disciplinary proceedings. He alleges, for example, that:

- "Defendants' agents . . . discriminated against him with regard to programs, services and/or activities [on] the basis of sex." FAC, ¶ 207.

- "Based on Plaintiff's gender there was a rush to judgment against him, in spite of the evidence and facts." FAC, ¶ 210.

- "Defendants' agents were predisposed to discriminate against Plaintiff in a sexual misconduct investigation on the basis of sex." FAC, ¶ 211.

- "Defendants' treated Plaintiff differently and less favorably with respect to his rights during the investigation on the basis of sex." FAC, ¶ 215.

- "Defendants' findings were based on a pre-ordained desire and plan to adopt Plaintiff's allegations on the basis of gender." FAC, ¶ 218.

What is notably lacking from this litany of conclusory allegations are any plausible facts to support Plaintiff's bald speculation that the complained-of conduct was discriminatory.

Indeed in his 200+ paragraph proposed first amended complaint, Plaintiff makes only two allegations which even attempt to state something other than a legal conclusion of gender bias.  First, he tries to ascribe a motive to Defendants to discriminate against him. In paragraph 209 of the first amended complaint, he alleges:

> In discriminating against Plaintiff on the basis of his sex, Defendants were responding in part to a 2011 "Dear Colleague" letter from the U.S. Department of Education stating that acts of sexual violence "are vastly underreported" and that "[w]hen young women get to college, nearly 20% of the will be victims of attempted or actual assault" (a now highly disputed and extrapolated figure, which came from a limited 2007 study).

FAC, ¶ 209.  This allegation is facially implausible and cannot be used to construct a claim of gender discrimination.

The "Dear Colleague" letter referenced by Plaintiff is a "significant guidance document' issued by the U.S. Department of Education pursuant to its regulatory authority under 72 Fed. Reg. 3432.  Schools are supposed to follow it in conducting investigations of sexual misconduct to ensure that they are compliant with the mandates of Title IX.  *See* Dear Colleague Letter, Apr. 4, 2011, at 1 n.1 (stating that the letter is designed to assist schools "in meeting their obligations . . .

11

under the civil rights laws") (attached as Exhibit A).  If Plaintiff could satisfy his

pleading burden under the statute simply by alleging that Defendants acted with

discriminatory animus by relying on the "Dear Colleague" letter, Title IX litigation

would be turned on its head.  Every school in the country would be exposed to

claims of gender discrimination for doing nothing more than following the very

guidelines promulgated by the U.S. Department of Education to prevent such

discrimination from taking place.

Second, Plaintiff tries to cobble together a claim of gender bias by alleging

that he, as a male, was treated differently in the investigation than his victim, who

was female.  Specifically, he alleges that Defendants treated him "less favorably

with respect to his rights . . . as compared to his female accuser."  FAC, ¶ 215.

Selective enforcement of school rules or procedures is a permissible method of

establishing gender bias.  *See Mallory*, 76 Fed. Appx. at 639.   However, to

properly plead such a theory, Plaintiff cannot compare himself to any woman of

his choosing.   Rather, he must point to a female student "in circumstances

sufficiently similar to his own" who "was treated more favorably by the

University."  *Id.* at 641 (emphasis added).

Plaintiff and his accuser were hardly in similar circumstances during the

course of the investigation.  In fact, they couldn't have occupied more different

positions:  she was the alleged victim of a sexual assault, and he was the alleged

perpetrator.[3]   If Plaintiff could demonstrate gender bias simply by comparing himself to his victim in this case, a Title IX claim could be made out in every case involving a heterosexual assault that resulted in a finding that the accused did not like.   The outcome of the proceeding itself would supply the discriminatory animus.  That is not the law, nor should it be.

Instead, the case law is clear that the rightful point of comparison for a claim of gender discrimination under Title IX arising from a sexual assault is not between the victim and the accused.  Rather, a plaintiff must compare himself or herself to another student of the opposite gender who faced the same accusations. *See, e.g., Doe*, 687 F. Supp. 2d at 757 (dismissing claim of gender discrimination under Title IX because male plaintiff did not plead facts showing that "a similarly situated woman would not have been subjected to the same disciplinary proceedings"); *Curto v. Smith*, 248 F. Supp. 2d 132, 147 (N.D.N.Y. 2003) (dismissing claim of gender discrimination under Title IX because female plaintiff who claimed she was wrongly expelled did not plead facts showing "other male students [who] were not expelled in similar circumstances"); *Pruitt v. Michigan State University*, 2011 WL 1600499, at *4 (Mich. Ct. App. Apr. 28, 2011)

---

[3] The U.S. Department of Education has recognized that this difference in circumstances is an appropriate basis for treating them differently in the face of allegations of sexual assault, regardless of their gender.  *See* Exh. A, at 15-16 (noting that when taking interim measures to separate a complaining witness and the alleged perpetrator, schools must "minimize the burden on the complainant").

13

(dismissing claim of gender discrimination under the ELCRA by male student who claimed that he was wrongly disciplined for inappropriate physical contact with an instructor because he did not compare himself to a female who engaged in similar unwanted physical contact).  Plaintiff's first amended complaint is bereft of any allegation that a woman accused of perpetrating a sexual assault at the University was treated more favorably than he.

Nor can Plaintiff save his Title IX claim through citation to *Wells v. Xavier University*, 2014 WL 972172 (S.D. Ohio Mar. 12, 2014).  In that case, the court did allow a male plaintiff to assert a Title IX claim against his school based on allegations that he had been wrongly disciplined in connection with a false complaint of sexual misconduct made against him by a female student.[4] Critically, however, in the *Wells* case, unlike here, the plaintiff pled specific facts to establish gender bias, including that his school had engaged in "mishandling of other cases that were at nearly the same time."  *Id*. at *5.  Specifically, the plaintiff alleged that the U.S. Department of Education's Office of Civil Rights had recently investigated his school for its deficient response in addressing two prior cases of sexual assault.  *See id*. at *1.  He claimed that the school decided to make an

---

[4] In *Wells*, the plaintiff alleged that the discipline was improper because, among other reasons, the defendant "ignored warnings from the Prosecutor" who had previously investigated the matter and advised that the complaining witness's accusation was "unfounded."  *Id*. at *5.

example out of him "so as to demonstrate a better response to sexual assault," and that its "pattern of decision making" resulted in a "false" finding that he was guilty of rape. *Id*. at *1, *5.

Plaintiff makes no allegations of any such pattern of gender discrimination here. Unlike the plaintiff in *Wells*, he does not allege that Defendants used the allegations against him to compensate for prior complaints of sexual assault that were mishandled. Nor does he point to a single other case in which there has been a so-called "rush to judgment" against a male accused of sexual assault. FAC, at ¶ 210. At bottom, the only facts he alleges are that: (1) he is male; and (2) he believes that he was mistreated. That is not enough to plead gender discrimination because, as explained by the Sixth Circuit, "one case by an individual who was subjectively dissatisfied with a result does not constitute a pattern of decision making" to make out a claim of bias under Title IX. *Mallory*, 76 Fed. Appx. at 640. Plaintiff has failed to state a claim upon which relief may be granted.

B.     Plaintiff Has Failed to State a Claim under the ELCRA Because He Has Failed to Plead Any Specific, Non-Conclusory, Plausible Facts Linking His Alleged Mistreatment to Gender Discrimination.

The ELCRA provides that an educational institution may not "[d]iscriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion,

race, color, national origin, or sex."[5]   MCL 37.2402.  Just like Title IX, the ELCRA

does not extend to general denials of educational opportunities or disagreements

with university procedures.  Rather, the centerpiece of any claim under the statute

is "discriminatory conduct."   *Fonseca v. Michigan State University*, 214 Mich.

App. 28, 30 (1995); *accord Zwick v. Regents of University of Michigan*, 2008 WL

1902031, at *10 (E.D. Mich. Apr. 28, 2008) (holding that to make out a *prima*

*facie* case under the statute, the plaintiff must show either that he was intentionally

discriminated against due to his sex or treated differently than similarly situated

persons of a different gender).

Critically, just like claims under Title IX, a plaintiff may not satisfy his

burden of pleading gender discrimination under the ELCRA simply by reciting in

conclusory fashion that a school discriminated on the basis of gender.   Mere

"conjecture" that "sex made a difference" is not enough.  *Fonseca*, 214 Mich. App.

at 31; *accord Garvin v. Detroit Board of Education*, 2013 WL 951118, at *5-*6

(Mich. Ct. App. Feb. 26, 2013) (dismissing claim that school engaged in gender

discrimination by failing to take appropriate action to remedy widespread sexual

assaults by male students where plaintiff's claim was based on "conjecture and

---

[5] There is very little case law interpreting this provision of the statute, and no
reported decisions applying it to allegations like those at issue here (*i.e.* that a
University failed to afford a student due process in defending against purportedly
false accusations of sexual assault).

speculation"). As the Sixth Circuit has made clear, a plaintiff "must allege sufficient factual content from which a court informed by its judicial experience and common sense, could draw the reasonable inference that [defendant] discriminated against [plaintiff] . . . because of . . . [his] sex." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (internal citations omitted). "[N]aked assertions devoid of further factual enhancement contribute nothing to the sufficiency of the complaint." *El-Hallani v. Huntington Nat. Bank*, 2014 WL 988957, at *7 (E.D. Mich. Mar. 13, 2014).

Plaintiff has failed to meet this burden. His proposed claim under the ELCRA is contained in the same count of the first amended complaint as his claim under Title IX. The allegations giving rise to both claims are identical. Plaintiff simply insists, through mantra-like repetition, that he was the victim of "sex discrimination" without a single non-conclusory, plausible fact to support it. His claim is that because he was wrongly disciplined and because he is male, there must be some connection between the two to justify a claim of gender bias. But that is not an inference this Court can reasonably make; it is Plaintiff's burden to plead facts to plausibly establish that critical connection. Because he has not met that burden, Plaintiff's ELCRA claim cannot stand.

17

C.   <u>Plaintiff Should Be Prohibited From Seeking to File Any Additional Claims in This Court</u>.

In addition to denying Plaintiff's first amended complaint as futile, this Court should also enter an order prohibiting Plaintiff from attempting to assert any additional claims arising from the facts at issue in this case.  It is well established that a plaintiff is not entitled to unlimited opportunity to state a cause of action. *See Modesty v. Shockley*, 434 Fed. Appx. 469, 472 (6th Cir. 2011) (denying motion for leave to amend where district court had already given plaintiff two prior chances to cure pleading deficiencies).  The reason for this rule is simple:  "A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim."  *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, 2013 WL 501446, at *2 (E.D. Mich. Feb. 11, 2013).

There has been no shortage of theories advanced by Plaintiff against the University and its officials in connection with the decision to place him on disciplinary probation for sexual assault.  Indeed he has filed three different lawsuits in three different forums in an attempt to state a viable claim.  The instant motion for leave to file an amended complaint is now his fourth futile effort to get it right.  This Court should not give him a fifth chance.

## <u>CONCLUSION</u>

Plaintiff has had more than ample opportunity to attempt to state a cause of action in this case and the others that he has filed.  He has failed to do so.

18

Plaintiff's latest effort to find a viable claim does not withstand scrutiny.  For the reasons stated, Defendants ask this Court to deny Plaintiff's motion for leave to file a first amended complaint and enter an order prohibiting him from seeking to file any additional claims in this forum arising from the facts surrounding the disciplinary decision entered against him without the Court's prior consent.

                Respectfully submitted,

                MILLER, CANFIELD, PADDOCK AND STONE, PLC


                By:   s/David D. O'Brien
                     Thomas W. Cranmer (P25252)
                     David O'Brien (P65532)
                     Paul D. Hudson (P69844)
                     Miller Canfield Paddock & Stone, PLC
                     840 West Long Lake Road, Suite 200
                     Troy, Michigan 48098
                     Telephone: (248) 879-2000
                     cranmer@millercanfield.com
                     *Counsel for Defendants*

Date: July 14, 2014

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 14, 2014 I presented the foregoing to the Clerk of the Court for filing and uploading to the electronic court filing system which will send notification of such filing to all attorneys of record.

By:   s/David D. O'Brien
      Thomas W. Cranmer (P25252)
      David O'Brien (P65532)
      Paul D. Hudson (P69844)
      Miller Canfield Paddock & Stone, PLC
      840 West Long Lake Road, Suite 200
      Troy, Michigan 48098
      Telephone: (248) 879-2000
      cranmer@millercanfield.com
      *Counsel for Defendants*

22512782.1\088888-02778