UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DREW STERRETT,**

    Plaintiff,

vs.                                                                                    CASE NO. 2014-CV-11619

**HEATHER COWAN**, **JAY WILGUS,**                     HON.  Denise Page Hood
**STACY VANDER VELDE, THEODORE**
**SPENCER, SUSAN PRITZEL,  MIKIKO**              Mag. Michael Hluchaniuk
**SENJA, E. ROYSTER HARPER,  MALINDA**
**MATNEY, ANTHONY WALESBY** and **LAURA**
**BLAKE JONES,** *employees of the University of*
*Michigan, sued in his or her personal and official*
*capacities, jointly and severally,*

    Defendants.
_____

| **DEBORAH GORDON LAW** | **MILLER CANFIELD PADDOCK &** |
|---|---|
| **Gordon, Laughbaum & Prescott** | **STONE, P.L.C.** |
| **Deborah L. Gordon (P27058)** | **Thomas W. Cranmer (P25252)** |
| **Carol A. Laughbaum (P41711)** | **David O'Brien (P65532)** |
| Attorneys for Plaintiff | **Paul Hudson (P69844)** |
| 33 Bloomfield Hills Parkway, Suite 220 | Attorneys for Defendants Heather |
| Bloomfield Hills, Michigan 48304 | Cowan, Jay Wilgus, Stacy Vander |
| Telephone 248 258 2500 | Velde, Theodore Spencer, Susan |
| dgordon@deborahgordonlaw.com | Pritzel, E. Royster Harper, Malinda |
| claughbaum@deborahgordonlaw.com | Matney, Anthony Walesby & Laura |
| | Blake Jones |
| | 840 West Long Lake Road, Suite 200 |
| | Troy, Michigan 48098 |
| | Telephone 248 897 2000 |
| | cranmer@millercanfield.com |
| | hudson@millercanfield.com |

_____

1

## PLAINTIFF'S MOTION TO COMPEL COMPLETE DEPOSITION TESTIMONY

Plaintiff Drew Sterrett, by and through his counsel, Deborah Gordon Law, respectfully moves this Court pursuant to Fed. R. Civ. P. 37(a) for an order compelling C.B.[1] to respond to particular deposition questioning regarding the facts which give rise to the claims in this action. In support of his Motion, Plaintiff states:

1. This case arises from the University of Michigan's unlawful disciplinary suspension of Plaintiff and alleges due process violations pursuant to 42 U.S.C. § 1983. (See Complaint **Exhibit A**)

2. CB is a third-party witness. She appeared for her deposition pursuant to a subpoena issued by Plaintiff.

3. CB and Plaintiff engaged in consensual sex in Plaintiff's dorm room in March 2012. In August of 2012, CB reported this encounter to Defendant Cowan. She is the "Complainant."

4. Defendant Cowan then initiated a deeply flawed investigation, resulting in Plaintiff's suspension based on an alleged "sexual assault."

---

[1] The Parties agreed before the deposition to continue to utilize the witness's initials (as Plaintiff did in his complaint) so as to protect the third party's privacy and to promote full and frank testimony.

5. At all times during the investigation CB, as the Complainant, was intricately involved in Defendant Cowan's investigatory procedure; Defendant relied mainly on CB's verbal statements in finding against Plaintiff.

6. Plaintiff noticed CB's deposition to: 1.) discover information regarding CB's participation in Defendants' constitutionally invalid investigative procedure; 2.) determine what information CB provided to Cowan during the investigation; 3.) determine whether the findings made by Cowan are factually correct; 4.) access the credibility of Cowan and Defendants who made the findings against Plaintiff with regard to what they knew, what they should have known, and what they decided to include in their report, and, 5.) find the truth.

7. In the opening moments of CB's deposition on June 23, 2014, CB's counsel, Joshua D. Sheffer informed Plaintiff's counsel that CB would not be answering *any* questions about (1) the incident CB complained about, or (2) the *investigative process*, because these topics were "not reasonably calculated to lead to the discovery of admissible evidence." i.e. irrelevant. Throughout the deposition he continued to instruct CB not to answer highly relevant questions.

8. The Federal Rules of Civil Procedure do not provide a basis for counsel to instruct a witness not to answer a question on the basis of relevance.

9. CB's counsel also asserted that particular information regarding the investigative procedure was "confidential" and instructed his client not to answer on the basis of "confidentiality".

10. The Federal Rules of Civil Procedure do not provide basis for counsel to issue such instruction.

11. Knowing full well that CB would be questioned about the events at issue, she never sought to limit the scope of the deposition in advance of obtaining a protective order, pursuant to the Federal Rules of Civil Procedure.

12. Instead, CB's counsel told Plaintiff's counsel at the deposition to "put in a briefing any question that you would have asked and assume that it would have [been objected to and not answered]."

13. CB's counsel's instructions are in direct contravention of the Federal Rules of Civil Procedure.

14. Due to CB's counsel's invalid instructions, Plaintiff was deprived of the opportunity to conduct meaningful discovery with the main witness in this case.

Wherefore, Plaintiff, pursuant to Federal Rules of Civil Procedure 26, 30, and 37(a) respectfully requests that the Court enter an order:

1. compelling CB to continue the deposition and to respond to questioning regarding the topics CB's counsel instructed CB not to answer;

2. allowing further deposition questioning arising from those areas that CB's counsel precluded Plaintiff's counsel from exploring; and

3. awarding Plaintiff's counsel attorney's fees and costs for having to bring this motion to procure discovery into matters that Plaintiff is plainly entitled to discover pursuant to the Federal Rules.

                                                **DEBORAH GORDON LAW**
                                                **Gordon, Laughbaum & Prescott**
                                                /s/Deborah L. Gordon (P27058)
                                                Carol A. Laughbaum (P41711)
                                                Attorneys for Plaintiff
                                                33 Bloomfield Hills Parkway, Suite 220
                                                Bloomfield Hills, Michigan 48304

Dated:  August 8, 2014                       (248) 258-2500

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DREW STERRETT,**

    Plaintiff,

vs.                                        CASE NO. 2014-CV-11619

**HEATHER COWAN**, **JAY WILGUS,**      HON. Denise Page Hood
**STACY VANDER VELDE, THEODORE**
**SPENCER, SUSAN PRITZEL, MIKIKO**    Mag. Michael Hluchaniuk
**SENJA, E. ROYSTER HARPER, MALINDA**
**MATNEY, ANTHONY WALESBY** and **LAURA**
**BLAKE JONES,** *employees of the University of*
*Michigan, sued in his or her personal and official*
*capacities, jointly and severally,*

    Defendants.
_____

| **DEBORAH GORDON LAW** | **MILLER CANFIELD PADDOCK** |
|---|---|
| **Gordon, Laughbaum & Prescott** | **& STONE, P.L.C.** |
| **Deborah L. Gordon (P27058)** | **Thomas W. Cranmer (P25252)** |
| **Carol A. Laughbaum (P41711)** | **David O'Brien (P65532)** |
| Attorneys for Plaintiff | **Paul Hudson (P69844)** |
| 33 Bloomfield Hills Parkway, Suite 220 | Attorneys for Defendants Heather |
| Bloomfield Hills, Michigan 48304 | Cowan, Jay Wilgus, Stacy Vander |
| Telephone 248 258 2500 | Velde, Theodore Spencer, Susan |
| dgordon@deborahgordonlaw.com | Pritzel, E. Royster Harper, Malinda |
| claughbaum@deborahgordonlaw.com | Matney, Anthony Walesby & Laura |
| | Blake Jones |
| | 840 West Long Lake Road, Suite 200 |
| | Troy, Michigan 48098 |
| | Telephone 248 897 2000 |
| | cranmer@millercanfield.com |
| | hudson@millercanfield.com |

_____

1

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL COMPLETE DEPOSITION TESTIMONY

The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and authorize a deponent to refuse to answer a question *only* when "necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Howard v. Cargill, Inc.*, 2009 WL 2366452 (W.D. Tenn. July 29, 2009) *citing* Fed.R.Civ.P. 26(d)(1) and 30(c)(2). Outside of this narrow set of circumstances, an attorney has *no basis* to instruct a deponent not to answer. Otherwise, as to "any other aspect of the deposition … the examination still proceeds; the testimony is taken subject to any objections." Fed.R.Civ.P. 30(c)(2).

When a deponent is erroneously instructed not to answer a question, the examining party may move pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(i) to compel the deponent to provide the deposition testimony. Here, CB was instructed not to answer numerous questions regarding subject matter relevant to the claims in this action. Accordingly, Plaintiff moves to compel her answers, pursuant to Rule 37.

2

## DISCUSSION

**Procedural Facts**

On May 5, 2014, Plaintiff issued a subpoena to compel CB's deposition. CB, a third party witness, represented by her own counsel, Joshua D. Sheffer, arranged a mutually agreeable date, time and place. The deposition was noticed for June 23, 2014. CB's counsel did not mention or move for a protective order or move this Court to limit the scope of the deposition. Nor was Plaintiff's counsel advised in advanced that Plaintiff would not be answering most of Plaintiff's questions.

**CB's Counsel's Impermissible Limiting Instructions**

At the onset of CB's subpoenaed deposition, her counsel stated:

> "Off the bat, C.B. will not be answering any questions about the assault. We do not believe that it's reasonably calculated to lead to the discovery of admissible evidence. We think that even the asking of the questions in such a personal and traumatic time of her life, when it's not calculated to lead to discovery of admissible evidence, is itself harassing, oppressive, and it's highly personal. So, we are not going to answer any questions. I also do not foresee us sitting here and making an objection to every single question on the issue. We are not going to answer any questions about it. You can say – you can put in a briefing any question that you would have asked and assume that it would have gotten that objection. We are also not going to answer substantive questions about University of Michigan's process. We also think that those are not reasonably calculated to lead to the discovery of admissible evidence. We entered into – well, C.B.

> entered into the process with the agreement and understanding that the process was confidentiality of that proceeding. Going forward, we will testify about the procedural aspects of the process as it was went through – as it was gone through by C.B., but that is pretty much the only area where she will be answering any questions.

In addition to the broad statement by Mr. Sheffer described below, throughout the deposition, CB's counsel objected and then continually instructed CB not to answer on the basis of *irrelevance* or *"confidentiality."* Plaintiff offers the following six examples to illustrate violations by the Federal Rules:

| **Transcript Citation** | **Question Subject Matter** | **CB's Counsel's Basis for Instructing CB not to Answer** |
|---|---|---|
| 25:13-26:17 | Q: What did you say at that meeting [with the University about sanctioning Plaintiff]? | "Confidentiality" |
| 33:3-34:5 | Whether CB read a particular witness's affidavit regarding the incident and if she recalls the content | "Confidentiality" (asserted on behalf of a *third party* witness he does not represent) |
| 46:20-47:3 | The contents of CB's journal wherein CB recorded details of the incident-- the *only* writing CB drafted regarding the incident (which was later destroyed) | Irrelevant |
| 77:24-78:10 | Q: Did [Heather Cowan] ask you | Irrelevant |

4

| | | |
|---|---|---|
| | about the night in question–whether you had been drinking? A: Yes. Q. What did you say? | |
| 175:24-176:23 | Asking CB to confirm the accuracy of the facts presented in the investigatory report | "Confidentiality," Irrelevant |
| 224:21-225:24 | Asking CB to confirm statements she made to a witness which the witness recorded in an affidavit | Irrelevant |

As can be seen from the several examples set forth above, coupled with CB's counsels' initial statement, Plaintiff was prevented from obtaining complete answers to the most basic issues. The additional questions at issue are highlighted in **Exhibit B**, CB's deposition:

| | | |
|---|---|---|
| 9-15 | 165-166 | 204-205 |
| 24-26 | 175-176 | 224-226 |
| 32-34 | 177-178 | |
| 45-58 | | |

It is clear that CB and her counsel had a strategy at the deposition to provide as little information as possible. After stating that CB would not answer questions about what actually happened on the night of the alleged non-consensual sex,

5

Plaintiff began a line of questions about what she was asked by Heather Cowan, or what she said to her about the events at issue. But her memory failed her. She answered, "I don't recall" over 250 times. Thus, between the instruction not to answer anything about what actually happened, and CB's repeatedly answering "I don't recall," Plaintiff was cut off from obtaining any meaningful, honest information.

### CB'S COUNSEL'S INSTRUCTIONS ARE IN VIOLATION OF THE RULES

The Federal Rules of Civil Procedure allow an instruction not to answer in *only three circumstances*:

1. to preserve a privilege;
2. to enforce a limitation ordered by the court;
3. to present a motion under Rule 30(d)(3).[2]

*None* of the authorized instances are at issue here. CB's counsel's instructions are clearly invalid under the Federal Rules of Civil Procedure.

**Confidentiality**

Inexplicably, CB's counsel asserted "confidentiality" numerous times throughout the deposition as a basis for instructing his client not to answer Plaintiff's counsel's questions.

---

[2] Fed. R. Civ. P. 30(c)(2).

The assertion of "confidentiality" is apparently based on C.B.'s mistaken belief that the University of Michigan's policies require all participants in an investigation to maintain confidentiality. (CB's counsel was unable to provide a reference to any guarantee of "confidentiality.") Even if that were so, there is no support in the Federal Rules or any case law that such a policy applies in a civil proceeding.

**Relevance**

It is a maxim of civil jurisprudence that relevance is no basis for an instruction not to answer. *See e.g., Barnes v. Bd. of Educ.*, 2007 WL 1236190 (S.D. Ohio Apr. 26, 2007)("Clearly, under this rule, it is improper to instruct a witness not to answer a question simply because the information called for may be irrelevant.").

Moreover there can be no genuine dispute that CB's testimony at issue is relevant. Federal Rule of Civil Procedure 26(b)(1) allows for the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Relevancy for discovery purposes is an extremely broad concept. *Hennigan v. Gen. Elec. Co.*, 2010 WL 4189033 (E.D. Mich. Aug. 3, 2010) adopted 2010 WL 4179376 (E.D. Mich. Oct. 20, 2010). Relevant

information need not be admissible at trial if the discovery *appears* reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P.26(b)(1).

**Harassing**

CB's counsel stated that four of Plaintiff's counsel's questions were "harassing."[3] In order to limit a deposition on the basis of harassing questioning, the Federal Rules require counsel to suspend the deposition or stop the line of questioning to present a motion under Rule 30(d)(3). Fed. R. Civ. P. 30(C)(2).

CB's counsel did not do so. Instead, CB's counsel allowed Plaintiff's counsel to continue questioning and only selectively mentioned that Plaintiff's counsel's questions were harassing. CB's counsel should be estopped from now claiming that particular lines of questioning he did not like were "harassing." It is apparent from a review of the transcript that CB's counsel considered any questioning beyond the very narrow scope of his instructions to be "harassing." There is no support in case law or, as noted, the Federal Rules for such position.

## CONCLUSION AND REQUEST FOR RELIEF

The Federal Rules provide for discovery of information regarding the investigation and the incident. These topics form the foundation of the claims in this action. CB's counsel's instructions not to answer are not authorized by the

---

[3] **Exhibit B**. CB Dep. 61:2-61:25;165:11-166:9; 204:12-205:10; 224:21-226:20

8

Federal Rules. CB's refusal to answer jeopardizes Plaintiff's ability to find facts and obtain justice.

For all of the aforementioned reasons, Plaintiff respectfully requests that the Court enter an order:

1. compelling CB to continue the deposition and to respond to the questioning regarding the topics CB's counsel instructed CB not to answer;

2. allowing further deposition questioning arising from those areas that CB's counsel precluded Plaintiff's counsel from exploring, and

3. awarding Plaintiff's counsel attorney's fees and costs for having to bring this motion to procure discovery into matters that Plaintiff is plainly entitled to discover pursuant to the Federal Rules.

Respectfully submitted,

**DEBORAH GORDON LAW**
**Gordon, Laughbaum & Prescott**
/s/<u>Deborah L. Gordon (P27058)</u>
Carol A. Laughbaum (P41711)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
Dated: August 8, 2014                  (248) 258-2500

9

## CERTIFICATE OF SERVICE

     I hereby certify that on August 8, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

                                            **DEBORAH GORDON LAW**
                                            **Gordon, Laughbaum & Prescott**
                                            /s/<u>Deborah L. Gordon (P27058)</u>
                                            Carol A. Laughbaum (P41711)
                                            Attorney for Plaintiff
                                            33 Bloomfield Hills Parkway, Suite 220
                                            Bloomfield Hills, Michigan 48304
                                            (248) 258-2500