# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DREW STERRETT,

Plaintiff;

v.

HEATHER COWAN, JAY WILGUS, STACY VANDER VELDE, THEODORE SPENCER, SUSAN PRITZEL, MIKIKO SENGA, E. ROYSTER HARPER, MALINDA MATNEY, ANTHONY WALESBY, and LAURA BLAKE JONES, employees of the University of Michigan, in their personal and official capacities,

Defendants.

Case No: 2:14-cv-11619

Hon. Denise Page Hood

| | |
|---|---|
| DEBORAH GORDON LAW<br>Gordon, Laughbaum & Prescott<br>Deborah L. Gordon (P27058)<br>Carol A. Laughbaum (P41711)<br>33 Bloomfield Hills Pkwy, Suite 220<br>Bloomfield Hills, MI 48304<br>dgordon@deborahgordonlaw.com<br>claughbaum@deborahgordonlaw.com<br>*Attorneys for Plaintiff* | MILLER, CANFIELD, PADDOCK AND STONE, PLC<br>Thomas W. Cranmer (P25252)<br>David O'Brien (P65532)<br>Paul D. Hudson (P69844)<br>840 West Long Lake Road, Suite 200<br>Troy, Michigan 48098<br>Telephone: (248) 879-2000<br>cranmer@millercanfield.com<br>*Attorneys for Defendants Heather Cowan, Jay Wilgus, Stacy Vander Velde, Theodore Spencer, Susan Pritzel, E. Royster Harper, Malinda Matney, Anthony Walesby, and Laura Blake Jones* |

## JOINT STATEMENT OF UNRESOLVED ISSUES
## FOR HEARING ON AUGUST 28, 2014

There are three motions scheduled for hearing by Magistrate Judge Hluchaniuk on August 28, 2014: (1) Defendants' Motion to Stay Discovery (ECF No. 21); (2) Plaintiff's Motion to Permit Discovery (ECF No. 30); and (3) Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 35). The issues presented in these motions have been discussed on numerous occasions by the parties, including at a status conference with Judge Hood on July 28, 2014. They have been unable to narrow their dispute, and the issues remain unresolved.

A.  <u>Cross Motions to Stay and Permit Discovery</u>

Defendants seek to stay all discovery in this case on the ground that there is a dispositive motion pending seeking the dismissal of Plaintiff's claims. Defendants contend that it is inefficient, unproductive, and unduly burdensome to participate in discovery when that motion, if granted, moots the need for discovery in its entirety. They rely primarily on *Gettings v. Building Laborer's Local 310 Fringe Benefit Fund,* 349 F.3d 300, 304 (6th Cir. 2003); *Klein Steel Servs., Inc. v. Sirius Protection, LLC*, 2014 WL 9231678, at *1 (E.D. Mich. Mar. 10, 2014); *Harrison v. Pittman*, 2010 WL 2231828, at *1 (W.D. Mich. June 1, 2010); and Judge Hood's practice guidelines.

Plaintiff contends that discovery must proceed because the pending motion to dismiss has no merit, there is no rule automatically staying discovery during the pendency of a dispositive motion, and Defendants are seeking a stay solely for the

2

improper purpose of delay. Plaintiff further contends that time is of the essence with regard to moving the case forward. As the months pass by so does his opportunity to obtain a college degree. Moreover, many of the witnesses are students who will shortly be graduating and leaving the campus. Plaintiff relies primarily on *Osman v. Mission Essential Personnel, LLC*, 2012 WL 1831706 (S.D. Ohio 2012) and *Cockrill v. Mortgage Elec. Registration Sys.*, 2013 WL 1966304 (M.D. Tenn. May 10, 2013).

To date, Plaintiff has propounded three types of discovery: (1) notices for the depositions of third party witnesses JB and CB; (2) notices for the depositions of the individual named defendants; and (3) a first set of requests for production of documents consisting of 24 individual document requests. Magistrate Hluchaniuk allowed the depositions of JB and CB following a telephonic hearing on June 23, 2014. During the course of that hearing, he limited his ruling to those two depositions and declined to address the broader merits of the cross motions to stay and permit discovery. Plaintiff's notices for the depositions of the named defendants and his requests for production of documents remain pending.

B.      Plaintiff's Motion for Leave to Amend

Plaintiff seeks leave to amend his complaint to add a cause of action against the existing Defendants for sex discrimination under the Elliot Larsen Civil Rights Act and against the Regents of the University of Michigan for sex discrimination in

violation of Title IX of the Education Amendments of 1972. Defendants contend that the proposed amendment is futile because Plaintiff's allegations of gender discrimination state only legal conclusions. They contend that he has failed to plead specific and articulable facts showing that the actions he complains of were plausibly motivated by gender bias, and thus he has failed to state a claim for relief. Defendants rely primarily on *Yusuf v. Vassar College*, 35 F.3d 709 (2nd Cir. 1994); *Mallory v. Ohio University*, 76 Fed. Appx. 634 (6th Cir. 2003); and *Doe v. University of the South*, 687 F. Supp. 2d 744, 757 (E.D. Tenn. 2009).

Plaintiff contends that he has pled specific factual allegations to support his claims of sex discrimination. He also contends that Defendants are seeking to hold him to a heightened pleading standard not required by the Federal Rules. He relies primarily on *Swierkiewicz v. Soreme, N.A.*, 534 U.S. 506, 512-15 (2002) and *Wells v. Xavier University*, 2014 WL 972172 (S.D. Ohio Mar. 12, 2014).

        Respectfully submitted,

        GORDON, LAUGHBAUM & PRESCOTT


        By: /s Deborah L. Gordon (with consent)
            Deborah L. Gordon (P27058)
            Gordon, Laughbaum & Prescott
            33 Bloomfield Hills Pkwy, Suite 220
            Bloomfield Hills, MI 48304
            Telephone: (248) 258-2500
            dgordon@deborahgordonlaw.com
            *Counsel for Plaintiff*

MILLER, CANFIELD, PADDOCK AND STONE, PLC


By: /s Paul D. Hudson
    Thomas W. Cranmer (P25252)
    David D. O'Brien (P65532)
    Paul D. Hudson (P69844)
    Miller Canfield Paddock & Stone, PLC
    840 West Long Lake Road, Suite 200
    Troy, Michigan 48098
    Telephone: (248) 879-2000
    cranmer@millercanfield.com
    *Counsel for Defendants*

Date: August 20, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will serve all registered parties.

        MILLER, CANFIELD, PADDOCK AND STONE, PLC

        By: /s Paul D. Hudson
            Thomas W. Cranmer (P25252)
            David D. O'Brien (P65532)
            Paul D. Hudson (P69844)
            Miller Canfield Paddock & Stone, PLC
            840 West Long Lake Road, Suite 200
            Troy, Michigan 48098
            Telephone: (248) 879-2000
            cranmer@millercanfield.com
            *Counsel for Defendants*

Date: August 20, 2014

22791961.1\060548-00402