UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DREW STERRETT,**

    Plaintiff,

vs.

**HEATHER COWAN,** *et al.*

    Defendants.

CASE NO. 2014-CV-11619

HON. Denise Page Hood

Mag. Michael Hluchaniuk

| | |
|---|---|
| **DEBORAH GORDON LAW**<br>Gordon, Laughbaum & Prescott<br>**Deborah Gordon (P27058)**<br>**Carol A. Laughbaum (P41711)**<br>Attorneys for Plaintiff<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan  48304<br>T:  248-258-2500<br>dgordon@deborahgordonlaw.com<br>claughbaum@deborahgordonlaw.com | **MILLER CANFIELD PADDOCK & STONE, P.L.C.**<br>**Thomas W. Cranmer (P25252)**<br>**David O'Brien (P65532)**<br>**Paul Hudson (P69844)**<br>Attorneys for Defendants<br>840 West Long Lake Road, Suite 200<br>Troy, Michigan  48098<br>T:  248-897-2000<br>cranmer@millercanfield.com<br>Hudson@millercanfield.com |
| **BODE & GRENIER, LLP**<br>**Joshua D. Sheffer (P66083)**<br>**Douglas E. Fierberg (P76429)**<br>Attorneys for Nonparty C.B.<br>1150 Connecticut Ave., NW, Suite 900<br>Washington, DC  20036<br><br>105 E. Philip Street<br>P.O. Box 121<br>Lake Leelanau, Michigan 49653<br>T:  231-256-7068<br>jsheffer@bode.com<br>dfierberg@bode.com | |

**NONPARTY C.B.'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL COMPLETE DEPOSITION TESTIMONY**

1

Plaintiff sexually assaulted C.B. at the University of Michigan ("the University") in March 2012. C.B. reported the assault to the University. After a lengthy investigation, which included myriad opportunities for Plaintiff to challenge evidence and statements and to present his own statements of fact, Plaintiff was found responsible by the University for sexually assaulting C.B. Plaintiff thereafter appealed that finding. On appeal, the finding that Plaintiff sexually assaulted C.B. through nonconsensual sex was upheld, but the sanctions against Plaintiff were reduced. Plaintiff then brought three different lawsuits against the University and various affiliated parties challenging the process. This case, the only one remaining, is a Constitutional due process claim, which challenges *only* the sufficiency of the *process* Plaintiff was given. Despite the fact that the underlying assault is, as a matter of law, not a proper issue in Plaintiff's claims, Plaintiff, through deposition and now through this Motion to Compel, seeks to subject C.B. – a nonparty – to further questioning and harassment about an issue that is entirely irrelevant to these proceedings.[1]

Plaintiff's Motion should be denied because the deposition Plaintiff seeks to continue was improper in the first instance; the testimony and information Plaintiff seeks is far beyond the scope of discovery, harassing and oppressive; the discovery sought is premature; and the deposition amounts to a blind fishing expedition at best, and abuse of C.B. at worst.

### Facts

C.B. reported the March 2012 sexual assault against her by Plaintiff to the University, and the matter was handled pursuant to the University's Interim Procedure for Addressing Sexual Misconduct Allegations Against Students. This procedure is the means by which all students – as members of the University community – agree to resolve claims involving sexual

---

[1] Plaintiff's counsel notified counsel for C.B., a nonparty to this litigation, of Plaintiff's Motion to Compel Complete Deposition Testimony by email, and by a hardcopy being placed in regular mail, on August 11, 2014.

2

assault. After a lengthy investigation and appeals process, the University imposed disciplinary probation upon Plaintiff which would still allow Plaintiff to complete his studies and graduate from the University, with restrictions including his contact with C.B.[2] The extensive investigation and appeal process, which provided *multiple* opportunities for Plaintiff to be heard and to present and challenge evidence, is detailed in Defendants' Motion to Dismiss.[3]

Plaintiff did not accept any of the sanctions imposed by the University, and instead filed multiple complaints in multiple forums. To C.B.'s knowledge, this is the last of those lawsuits remaining.

In June 2014, Plaintiff served C.B. and her mother with subpoenas. C.B.'s counsel and Plaintiff's counsel agreed to a date for depositions of C.B. and her mother. Thereafter, subpoenas were reissued, now with a dual caption, referencing the Court of Claims case and this matter. After the amended subpoenas were issued, C.B.'s counsel was informed that Defendants had filed a Motion for Summary Disposition in the Michigan Court of Claims case and a Motion to Dismiss in the present case, both seeking judgment on the pleadings. C.B.'s counsel also learned that Defendants had filed Motions to Stay Discovery in both cases. C.B.'s counsel contacted Plaintiff's counsel to discuss postponing the depositions until Defendants' Motions were resolved, at which time Plaintiff's counsel threatened to seek contempt charges against C.B. and her mother if they did not comply with the subpoenas. C.B. and her mother, not wishing to deal with a claim of contempt, appeared for the scheduled depositions.

Before C.B.'s deposition started, her counsel informed Plaintiff's and Defendants' counsel that C.B. would not be answering questions that were beyond the scope of discovery – those that sought information that was neither admissible at trial nor appeared reasonably

---

[2] Comp. ¶ 147.
[3] Defendants' Motion to Dismiss, Doc. #18, pp. 2-9.

3

calculated to lead to the discovery of admissible evidence; this included questions concerning the assault itself, and what was said in conversations with C.B. throughout the process. C.B. also did not answer questions that were part of the confidential University process.

Since C.B.'s deposition was taken, the Michigan Court of Claims has dismissed Plaintiff's claims.[4] In the case at bar, Defendants' Motion to Stay Discovery and Defendants' Motion for Summary Judgment remain pending, and, to C.B.'s knowledge, there has been no Rule 26(f) conference. Despite the pending Motions, the fact that the information Plaintiff seeks to compel is outside the scope of discovery, and the fact that no discovery is permissible at this point in the litigation, Plaintiff filed the present Motion to Compel.

### Argument

Plaintiff's "discovery" in this matter was premature, beyond even the liberal scope of discovery, and highly objectionable. The questions C.B. refused to answer sought undiscoverable information, and her lack of recollection of a situation she has tried to put behind her was not part of any improper strategy.

**I.      The discovery Plaintiff seeks is harassing and beyond the scope of discovery.**

    **A.      Plaintiff is not entitled to the requested discovery because it is outside the scope of permissible discovery.**

Although the scope of discovery is broad, it is not limitless.[5] "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party… Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[6] The Sixth Circuit has affirmed the District Court's refusal to compel a witness to answer deposition questions that the

---

[4] *Exhibit A*.
[5] *V Cars, LLC v. Isr. Corp.*, 2011 U.S. Dist. LEXIS 25655, *3-4 (E.D. Mich. March 14, 2011).
[6] Fed. R. Civ. P. 26(b)(1).

witness's counsel instructed him not to answer because they were beyond the scope of discovery.[7]

Plaintiff's claims are based on allegations that he was not provided due process by the University.[8] Although Plaintiff's Complaint shows dissatisfaction with the outcome of the University's process, whether the University reached the right outcome *is not* at issue, it cannot be. A court reviewing a due-process challenge does not review whether the University's decision was correct, its review is "limited to determining whether the procedures used by [the college] were constitutional."[9] And the, the standard is whether the procedures the University used met the "bare-minimum requirements of due process."[10] The issue is <u>not</u> whether the University's procedures got it right, <u>but</u> whether Plaintiff got the right procedures. Defendants raised this point in their Motion to Dismiss,[11] and Plaintiff, in his Response, does not dispute that this matter is *only* about the process that was received.

The only relevant, admissible evidence is evidence regarding the procedures used by the University; and the scope of discovery is limited to questions that are, at the very least, reasonably calculated to lead to the discovery of evidence about the procedures used by the University before disciplining Plaintiff.

Squarely *outside* the scope of discovery are the facts of the underlying sexual assault. This was the basis for refusing to answer those questions: "To say it in a single sentence, you know, it's not a question of whether the process got it right, which we believe in most aspects it did, but it is a question of whether your client got the right process. So, the substance of the

---

[7] *See Wolotsky v. Huhn*, 960 F.2d 1331, 1338-1339 (6th Cir. 1992).
[8] Plaintiff also claims that the University violated his rights to free speech, but the questions and areas of inquiry involved in Plaintiff's Motion to Compel do not touch on that issue.
[9] *Flaim v. Medical College of Ohio*, 418 F.3d 629, 638 (6th Cir. 2005); *Gomes v. Univ. of Maine Sys.*, 365 F.Supp.2d 6, 13-14 (D. Me. 2005).
[10] *Flaim*, 418 F.3d at 632.
[11] Defendants' Motion to Dismiss, Doc. #18, p. 10-12.

assault that led to the process being instituted is not reasonably calculated to lead to the discovery of admissible evidence about whether the process was followed"[12]  Because the discovery sought by Plaintiff is outside the scope of discovery, it is not the type of information that Plaintiff is permitted to "obtain discovery regarding."[13]

### B. Plaintiff's counsel's questions at deposition, and those Plaintiff seeks to compel C.B. to answer, are oppressive and harassing.

During C.B.'s deposition, Plaintiff's counsel continually sought information regarding the underlying sexual assault.  These questions, especially when they could not be reasonably calculated to lead to the discovery of admissible evidence, were harassing and oppressive.  Michigan, like many states, has shown a strong policy against exposing sexual assault victims to hostile examinations, even in criminal cases and even where the Constitutional right of confrontation is implicated.

This Court recently stated that "rape victims deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy."[14]  This concern mirrors Michigan's long-held policy that it is the court's responsibility to "prevent questions which would harass, annoy, or humiliate victims of sexual assault."[15]  Michigan courts have consistently held that even a criminally-accused defendant's right to confront and attack the credibility of witnesses against him *does not* provide free reign to further traumatize a victim of sexual assault.[16]  Certainly if a criminal defendant, on trial for sexual assault, is limited in his questioning of his victims, Plaintiff must be limited in his ability to question C.B. when the only matter at issue is whether Defendants provided Plaintiff with due process.

---

[12] C.B. Deposition Trans., p. 13, l. 20 – p. 14, l. 3.
[13] Fed. R. Civ. P. 26(b)(1).
[14] *Fuller v. Lafler*, 826 F.Supp.2d 1040, 1057 (E.D. Mich. 2011).
[15] *People v. Hackett*, 421 Mich. 338, 350 (1984).
[16] *See, e.g., id.*

Plaintiff further complains about C.B.'s counsel's objections based on the harassing nature of improper lines of questioning, specifically arguing that the rules "require counsel to suspend the deposition or stop the line of questioning" and claiming that "CB's counsel allowed Plaintiff's counsel to continue questioning and only selectively mentioned that Plaintiff's counsel's questions were harassing."[17] This argument is belied by the fact that, at the beginning of C.B.'s deposition, as referenced in Plaintiff's Motion to Compel, C.B.'s counsel attempted to preempt lines of questioning that were beyond the scope of discovery, harassing, and oppressive, and informed Plaintiff's counsel that she could assume that no questions in those lines of questioning would be answered.[18] Plaintiff's counsel refused to limit her questioning on objected-to lines, stating, "I'm going to make my record. You're obviously going to instruct your witness to answer whatever she – you know, you tell her to answer or not to answer, but I'm going to make my record."[19] Plaintiff asks this Court to look negatively on the fact that instead of ending the deposition and providing Plaintiff with no discovery, C.B. endured seemingly endless harassing, oppressive, and impermissible questioning to provide Plaintiff with answers to many questions. While it is true that C.B. could not recall whether she was asked specific things by Heather Cowan or specific statements that may have been made during the University procedure, it was hardly a "strategy;" at the time of C.B.'s deposition, nearly two years had passed since the University's investigation into one of, if not the, most traumatizing moment of C.B.'s life, that she did not remember whether a specific person asked her specific questions is certainly not surprising.

Plaintiff also complains of refusals to answer on the grounds of confidentiality, claiming that there is no reason for C.B. to believe that the University's process and procedures were

---

[17] Plaintiff's Motion to Compel, p. 8.
[18] C.B. Deposition Trans., p. 10, l. 19 – p. 11, l. 23.
[19] C.B. Deposition Trans., p. 12, ll. 7-10.

confidential. At the same time, Plaintiff argues that Defendants infringed on his rights to free speech and states in his Complaint that "Plaintiff was instructed by Cowan and Mowers the he should not talk to any potential witness about the complaint, ***and that the matter was 'confidential.'***"[20] C.B. has not waived any confidentiality present in the University process, and is unaware of anyone else – other than perhaps Plaintiff through this lawsuit – having waived confidentiality.

The questions that C.B. did not answer were outside the scope of reasonable discovery, harassing, oppressive, and otherwise objectionable.

## II. Plaintiff's discovery was improper and premature.

The Federal Rules of Civil Procedure expressly prohibit parties from engaging in discovery before holding a Rule 26(f) conference.[21] Defendants' Motion to Stay Discovery in this matter[22] makes it clear that no such conference had taken place before Plaintiff subpoenaed C.B. and her mother for deposition. After Defendants' counsel pointed out this error to Plaintiff's counsel, Plaintiff's counsel still insisted on holding the deposition and threatened to initiate contempt proceedings against C.B. and her mother if they did not appear for the scheduled deposition.

The discovery Plaintiff seeks is also premature given the nature of Defendants' pending Motion to Dismiss. Because the pending Motion to Dismiss would render any discovery moot, Michigan District Courts have often stayed discovery until the motion is decided.[23]

Plaintiff's Motion to Compel seeks additional harassing and traumatizing discovery, on matters not reasonably calculated to lead to the discovery of admissible evidence, based on

---

[20] Complaint, ¶ 41.
[21] Fed. R. Civ. P. 26(d)(1).
[22] Doc. #21.
[23] *Klein Steel Servs., Inc. v. Sirius Protection, LLC,* 2014 U.S. Dist. LEXIS 30259, *2-3 (E.D. Mich. March 10, 2014). *See also, Harrison v. Pittman*, 2010 U.S. Dist. LEXIS 54474, *1-2 (W.D. Mich. June 1, 2010).

questions that were not answered during a deposition based on a subpoena that should never have been issued. Because Plaintiff's issuance of the subpoenas in this matter was patently impermissible, and because the nature of pending motions make discovery premature at best, Plaintiff's Motion to Compel should be denied.

## Conclusion

Plaintiff sued Defendants alleging that they violated his due process rights (and his free speech rights) through their University process of responding to a complaint of sexual assault. The only matters at issue are whether Plaintiff's Constitutional rights were violated. This case is not an opportunity for Plaintiff to ask this Court to second guess the *results* of the procedure. But Plaintiff's counsel's questioning of C.B., and especially the type of discovery Plaintiff seeks in his Motion to Compel, is not reasonably calculated to lead to the discovery of admissible evidence on any issue properly before this Court. It is, therefore, beyond the scope of discovery and Plaintiff has no right to it. Further, and especially in light of the complete irrelevance, the discovery sought from C.B. is harassing and oppressive. Finally, Plaintiff's Motion seeks to compel answers to questions that were asked in an improperly subpoenaed, impermissible deposition, which is premature in light of pending motions in this case.

For these reasons, C.B. requests that this honorable Court deny Plaintiff's Motion to Compel Complete Deposition Testimony in its entirety, enter a Protective Order prohibiting Plaintiff from seeking further, harassing, discovery from C.B. In the alternative, C.B. requests that this Court adjourn ruling on this Motion until Defendants' Motion to Dismiss has been heard and the scope of the issues properly before the Court has been defined.

Respectfully Submitted,

**BODE & GRENIER, LLP**

Dated: August 25, 2014        By: /s/ Joshua D. Sheffer
Douglas E. Fierberg (76429)
Joshua D. Sheffer (P66083)
Attorney for Nonparty C.B.
Ninth Floor, Connecticut Building
1150 Connecticut Avenue, NW
Washington, D.C. 20036-4129

105 E. Philip St.
P.O. Box 121
Lake Leelanau, MI 49653
(231) 256-7068
Fax: (231) 256-7069

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**BODE & GRENIER, LLP**

Dated: August 25, 2014                                     By:      /s/ Joshua D. Sheffer
                                                                                 Douglas E. Fierberg (76429)
                                                                                 Joshua D. Sheffer (P66083)
                                                                                 Attorney for Nonparty C.B.
                                                                                 Ninth Floor, Connecticut Building
                                                                                 1150 Connecticut Avenue, NW
                                                                                 Washington, D.C.  20036-4129

                                                                                 105 E. Philip St.
                                                                                 P.O. Box 121
                                                                                 Lake Leelanau, MI  49653
                                                                                 (231) 256-7068
                                                                                 Fax: (231) 256-7069