UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DREW STERRETT,                                        Case No. 14-11619

       Plaintiff,                                      Denise Page Hood
v.                                                                United States District Judge

HEATHER COWAN, *et al*,                        Michael Hluchaniuk
                                                                      United States Magistrate Judge
       Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY (Dkt. 21) AND GRANTING PLAINTIFF'S MOTION TO PERMIT DISCOVERY (Dkt. 30)

Defendants have filed a motion to dismiss (Dkt. 18) that is pending before Judge Hood at the present time and they seek to stay discovery pending the resolution of that motion. Plaintiff contends that discovery should be permitted because no authority absolutely prohibits discovery while a dispositive motion is pending, that time is of the essence in this matter given the plaintiff's circumstances, and that the anticipated discovery would not be unduly burdensome on defendants. Plaintiff has already served defendants with written discovery and the parties have engaged in some discussions with respect to the potential depositions that plaintiff seeks to take.

   Indeed, "[i]t is not the usual practice of this Court ... to order a stay of discovery solely on the ground that a defendant has filed a motion to dismiss."

1

*Porter v. Five Star Quality Care-MI, LLC.*, 2014 WL 823418 *2 (E.D. Mich. 2014).  Plaintiff has made a plausible argument that time is of the essence in this case and that information relevant to plaintiff's case may be lost due to the fading of the memories of witnesses.  Additionally, the nature of the discovery sought would not appear to impose a significant burden on defendants to produce.

Therefore, defendants are to answer the written discovery already served by plaintiff on or before September 29, 2014, subject to any meritorious objections that defendants may assert.  The parties also directed to schedule and conduct depositions properly noticed at mutually convenient times and places in an expeditious manner.

While this order is primarily intended to permit plaintiff to conduct discovery in this matter at this time, nothing in this order should be construed as preventing defendants from seeking discovery from plaintiff.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to Local

Rule 72.1(d)(2), any objection must be served on this Magistrate.

Date: August 29, 2014           s/Michael Hluchaniuk
                                       Michael Hluchaniuk
                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 29, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                       s/Tammy Hallwood
                                       Case Manager
                                       (810) 341-7887
                                       tammy_hallwood@mied.uscourts.gov