# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DREW STERRETT,

Plaintiff;

v.

HEATHER COWAN, JAY WILGUS, STACY VANDER VELDE, THEODORE SPENCER, SUSAN PRITZEL, MIKIKO SENGA, E. ROYSTER HARPER, MALINDA MATNEY, ANTHONY WALESBY, and LAURA BLAKE JONES, employees of the University of Michigan, in their personal and official capacities,

Defendants.

Case No: 2:14-cv-11619

Hon. Denise Page Hood

Magistrate Michael J. Hluchaniuk

| | |
|---|---|
| DEBORAH GORDON LAW<br>Gordon, Laughbaum & Prescott<br>Deborah L. Gordon (P27058)<br>Carol A. Laughbaum (P41711)<br>33 Bloomfield Hills Pkwy, Suite 220<br>Bloomfield Hills, MI  48304<br>dgordon@deborahgordonlaw.com<br>claughbaum@deborahgordonlaw.com<br>*Attorneys for Plaintiff* | MILLER, CANFIELD, PADDOCK AND STONE, PLC<br>Thomas W. Cranmer (P25252)<br>David O'Brien (P65532)<br>Paul D. Hudson (P69844)<br>840 West Long Lake Road, Suite 200<br>Troy, Michigan 48098<br>Telephone: (248) 879-2000<br>cranmer@millercanfield.com<br>*Attorneys for Defendants Heather Cowan, Jay Wilgus, Stacy Vander Velde, Theodore Spencer, Susan Pritzel, E. Royster Harper, Malinda Matney, Anthony Walesby, and Laura Blake Jones* |

## REPLY BRIEF IN SUPPORT OF
## DEFENDANTS' OBJECTIONS TO MAGISTRATE HLUCHANIUK'S
## ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY
## AND GRANTING PLAINTIFF'S MOTION TO PERMIT DISCOVERY

Magistrate Judge Hluchaniuk's August 29, 2014 order compelling Defendants to engage in discovery before this Court rules on Defendants' pending motion to dismiss on the grounds of qualified immunity directly conflicts with U.S. Supreme Court and Sixth Circuit precedent. The Supreme Court has stated expressly that "[u]ntil this threshold [qualified] immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Sixth Circuit has likewise stated expressly and repeatedly that "discovery in litigation against government officials should be halted until the threshold question of immunity is resolved." *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988).[1] In short, the Magistrate's order is clearly erroneous and contrary to law under bright-line, bedrock rules set forth by the U.S. Supreme Court and the Sixth Circuit, and *must* be set aside.

In response to this controlling precedent, Plaintiff offers nothing but bluster.

---

[1] *See also Wells v. Brown*, 891 F.2d 591, 593-94 (6th Cir. 1989) ("Consistent with [the Supreme Court's] desire to shield public officials from diverting their energies through the forced defense of challenges to their actions taken in their governmental capacities, the Court held that until resolution of the threshold question of immunity, 'discovery should not be allowed.' Under *Harlow*, therefore, those entitled to immunity should be granted that immunity at the earliest possible stage of the case.") (quoting *Harlow*); *Minick v. Metropolitan Government of Nashville*, 543 F. App'x 507, 509 (6th Cir. 2013) ("[A] defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *Smith v. Leis*, 407 F. App'x 918, 923 (6th Cir. 2011) (finding that district court erred by "permit[ting] discovery to continue before first resolving the qualified-immunity question").

In what has become par for the course throughout this case, Plaintiff makes personal attacks against Defendants and their counsel, accusing them of "intentionally misrepresent[ing] and mis-cit[ing] the case law," "blatantly misrepresenting the case law," and making "frivolous" and "very dishonest" arguments "completely lacking in candor." ECF 65, at 3, 6, 8. Plaintiff can try to cover his arguments in all the invective he can muster; the simple fact remains that controlling precedent is contrary to his position.

Plaintiff argues that this controlling precedent doesn't apply because Plaintiff has sought leave to amend his complaint to add gender-discrimination claims, which would not be subject to qualified immunity. ECF 65, at 2. Controlling precedent rejects that argument as well. The case law is crystal clear that, when a plaintiff files a lawsuit asserting some claims that are covered by qualified immunity and others that are not, the application of qualified immunity still must be resolved at the earliest possible stage of the litigation, and in fact is subject to immediate interlocutory appeal – with an attendant stay of discovery – to ensure that it is properly decided. *See McLaurin v. Morton*, 48 F.3d 944, 949 (6th Cir. 1995); *Everson v. Leis*, 556 F.3d 484, 492 (6th Cir. 2009). Defendants cited both the *McLaurin* and *Everson* cases in their objections. Notably, Plaintiff has failed to address either of them in his response. The qualified immunity issue must be adjudicated before any discovery can proceed, regardless of any additional

claims that Plaintiff tries to tack on to stave off dismissal.[2]

Plaintiff next argues that discovery should proceed because he thinks Defendants' claim of qualified immunity has no merit. That issue has been briefed extensively in the pending motion to dismiss, and is beside the point with respect to the Magistrate's discovery order. The controlling Supreme Court and Sixth Circuit cases cited above make clear that discovery may not proceed *until this Court rules on the motion to dismiss*. Moreover, Defendants' qualified immunity defense is well-founded. Plaintiff and Defendants are in agreement that it is clearly established that the due process clause requires only notice and an opportunity to be heard. Suffice it to say, the allegations in Plaintiff's own complaint reveal that he received both. He alleges that he knew from the date of his first contact with the University both the nature of the allegation that had been made against him – sexual misconduct – and the identity of the individual making it. Compl. ¶ 31. As for an opportunity to be heard, Plaintiff admits that the University, among many other procedures afforded to him, permitted him to challenge witness statements in writing (*id.* ¶¶ 81- 82); solicited comments from him on a draft investigation report (*id.* ¶¶ 86-88); issued an addendum to the

---

[2] In addition, Defendants have opposed Plaintiff's motion on the ground that the proposed amendment is futile because Plaintiff has failed to plead a <u>single</u> plausible fact to support a claim of gender discrimination. Magistrate Hluchaniuk heard oral argument on that issue four weeks ago and has taken the matter under advisement. Defendants fully expect that he will issue a decision in their favor.

3

investigation report based on written objections that he submitted through experienced retained counsel (*id.* ¶¶ 118-21); permitted him to appeal with the aid of counsel (*id.* ¶¶ 139-42); and on appeal reduced his sanctions. The bottom line is that there have been no constitutional violations in this case, and certainly no infringement upon Plaintiff's clearly established rights.

Plaintiff next seeks to criticize Defendants' reading of the *Porter* case – the only legal authority relied upon by Magistrate Hluchaniuk in support of his decision to allow discovery to proceed. Defendants pointed out in their objections that the *Porter* decision is inapposite because the case *did not involve qualified immunity*, and therefore was not subject to the controlling Supreme Court and Sixth Circuit precedent applicable here providing that no discovery may proceed pending a defendant's qualified-immunity motion. On top of that distinction, the dispositive motion in *Porter* was not even wholly dispositive of the claims that had been asserted. Plaintiff says the same is true with respect to the qualified immunity defense here: it "is also not wholly dispositive of the case." ECF 65, at 5. But that argument misses the point entirely. Even setting aside all of the qualified-immunity issues, Defendants seek here to dismiss Plaintiff's complaint *in its entirety* because neither of the two § 1983 claims that he asserts states a viable claim for relief under Fed. R. Civ. P. 12(b)(6). That argument is fully dispositive of this case. If Defendants' motion is granted, the lawsuit will be dismissed in its

4

entirety and there will be no need for any discovery. That key fact plainly distinguishes this case from *Porter*.

Plaintiff argues that Defendants "blatantly misrepresent[ed]" *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 1993) by arguing that they are automatically entitled to a stay. ECF 65, at 5. But Defendants cited *Reilly* for the proposition that qualified immunity "shields individuals not just against liability, but against suit itself," and then followed that quote with a *half-dozen* cases stating that qualified immunity should be "resolved at the earliest possible stage in litigation" and that a defendant is entitled to dismissal on qualified immunity "before the commencement of discovery." ECF 54, at 4-5. Moreover, *Reilly* itself cited *Pearson v. Callahan*, 555 U.S. 223, 231 (2009), in which the United States Supreme Court recognized that the "driving force" behind qualified immunity is to ensure that claims will be resolved "prior to discovery."

Plaintiff also accuses Defendants of improperly truncating a passage from the *Minick* decision. He says that Defendants "deliberate[ly] misrepresent[ed]" the case by failing to quote the portion which holds that a defendant is entitled to dismissal before discovery "[u]nless the plaintiff's claims state a claim of violation of clearly established law." ECF 65, at 7. But that goes without saying. Indeed, it is the very definition of qualified immunity. The doctrine protects state officials only "so long as their conduct does not violate clearly established statutory or

5

constitutional rights of which a reasonable person would have known." *Reilly*, 680 F.3d at 623. Defendants' argument in their motion to dismiss is that there has been no violation of clearly established law. Therefore, they are entitled to qualified immunity and an attendant stay of discovery.

Plaintiff also accuses Defendants of misstating the holding of the United States Supreme Court in *Behrens*. He claims that the opinion states that qualified immunity "is a right to immunity from certain claims, not from litigation in general." ECF 65, at 8. Defendants agree. The salient points in *Behrens*, however, are that: (1) qualified immunity encompasses "the right not to be subjected to pretrial proceedings" such as discovery; and (2) interlocutory appeal "must be available" to a defendant, even when a plaintiff pleads some claims to which qualified immunity does not apply, in order to ensure that this right is adequately protected. *Behrens v. Pelletier*, 516 U.S. 299, 311-12 (1996). Again, that is exactly what Defendants are arguing here: their assertion of qualified immunity from Plaintiff's damage claims must be adjudicated before any discovery in this case is allowed to proceed.

Finally, Plaintiff claims that discovery must be allowed immediately because "his education and entire future is in limbo" until this case is resolved. ECF 65, at 8. In particular, he claims that he is allowed to return to the University of Michigan only "amid ridiculous and punitive conditions." *Id*. But while accusing

Defendants of engaging in "hyperbole," it is Plaintiff who is making the conditions of his return much more onerous than they actually are. As the correspondence between Plaintiff's counsel and the University makes clear, the reality is that, for the past two years, he only needed to undertake three simple steps to register for classes and return to school: a training session on sexual consent, a reading assignment, and a reflective essay. These tasks would take a few days to complete at most, and likely could be finished in a matter of hours. There is only one reason Plaintiff is not attending the University of Michigan at the time of this filing: he has decided not to return. That is certainly his choice to make. It is not, however, a reason to authorize discovery for claims which are legally unsupportable and subject to qualified immunity. Just the opposite, his decision to forgo college for two years running shows that there is no urgency to his claims, and that this case has nothing to do with his desire to pursue an education.

        Respectfully submitted,

        MILLER, CANFIELD, PADDOCK AND STONE, PLC

    By:   s/ David D. O'Brien
        David D. O'Brien (P65532)
        Miller Canfield Paddock & Stone, PLC
        101 N. Main St., 7th Fl.
        Ann Arbor, Michigan 48104
        Telephone: (734) 668-7761
        obrien@millercanfield.com
        *Counsel for Defendants*

Date: September 23, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will serve all registered parties.

                        MILLER, CANFIELD, PADDOCK AND STONE, PLC

                        By: s/David D. O'Brien
                              David D. O'Brien (P65532)
                              Miller Canfield Paddock & Stone, PLC
                              101 N. Main St., 7th Fl.
                              Ann Arbor, Michigan 48104
                              Telephone: (734) 668-7761
                              obrien@millercanfield.com
                              *Counsel for Defendants Heather Cowan, Jay Wilgus, Stacy Vander Velde, Theodore Spencer, Susan Pritzel, E. Royster Harper, Malinda Matney, Anthony Walesby, and Laura Blake Jones*

Date: September 23, 2014

23000527.2\060548-00402