## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DREW STERRETT,**

    **Plaintiff,**

                                **Case No. 14-cv-11619**

**v.**

                              **HON. DENISE PAGE HOOD**

**HEATHER COWAN, et al.,**

    **Defendants.**

_____/

## ORDER REGARDING DEFENDANTS' OBJECTION
## TO MAGISTRATE JUDGE'S AUGUST 29, 2014 ORDER

On August 29, 2014, the Magistrate Judge entered an Order Granting Plaintiff's Motion to Permit Discovery and Denying Defendants' Motion to Stay Discovery. On September 3, 2014, Defendants filed their Objection to the August 29, 2014 Magistrate Judge's Order, along with a Motion to Expedite Ruling on Defendant's Objection. Plaintiff filed a Response to Defendants' Objections and Defendants filed a Reply to the Response.

The decision and order of a non-dispositive motion by the Magistrate Judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Any appeal of or objections to a magistrate judge's order must

be made within 14 days after service of the order. Fed.R.Civ.P. 72(a). Rule 72(a) provides considerable deference to the determinations of the magistrate judges. *In re Search Warrants,* 889 F.Supp. 296, 298 (S.D. Ohio 1995).

In its August 29, 2014 Order, the Magistrate Judge denied Defendants' Motion to Stay Discovery and instead granted Plaintiff's Motion to Permit Discovery. Defendants argue that the Magistrate Judge erred in denying their Motion to Stay Discovery because their Motion to Dismiss on the merits and on their qualified immunity defense was pending.

Plaintiff responds that he is entitled to discovery since he currently has a pending Motion for Leave to Amend the Complaint to add Title IX and Elliott Larsen gender discrimination claims which do not require qualified immunity defenses. Plaintiff claims there are no published cases to support Defendants' request to stay the matter pending a ruling on the qualified immunity issue.

In reply, Defendants assert that the Supreme Court has stated that until the threshold qualified immunity question is resolved, discovery should not be allowed, citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Defendants assert that the Sixth Circuit has likewise stated expressly and repeatedly that discovery in litigation against government officials should be halted until the threshold question of immunity is resolved, citing *Criss v. City of Kent,* 867 F.2d 259, 261 (6th Cir. 1981).

2

In a 42 U.S.C. § 1983 civil rights action, "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *United States v. Smith,* 344 F.3d 479, 486 (2003). Where a party files a Rule 12(b) motion, and where the district court accepts a plaintiff's allegations as true, but concludes that those allegations are insufficient as a matter of law, it is not an abuse of discretion to limit discovery *sua sponte*. *Flaim v. Medical College of Ohio*, 418 F.3d 629, 643 (6th Cir. 2005). Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion. *Id.* The district court does not abuse its discretion in limiting discovery pending its resolution of a 12(b)(6) motion. *Id.* at 644. The Sixth Circuit has granted emergency motions to stay the district court proceedings pending interlocutory appeals of the qualified-immunity issue. *See Essex v. County of Livingston,* 518 F. App'x 351, 354 (6th Cir. Mar. 25, 2013).

Given that Defendants' Motion to Dismiss on the merits and on the qualified immunity defense is pending before the Court, the Court finds that the Magistrate Judge's Order denying Defendants' Motion to Stay Discovery and granting Plaintiff's Motion to Permit Discovery is contrary to the law. The Supreme Court in *Harlow* cited by the defense and the Sixth Circuit in several cases, including the *Criss* case cited by Defendants, have ruled that discovery should be stayed pending the resolution

3

of the threshold question of qualified immunity.  In addition, to the qualified immunity issue, because Defendants' Rule 12(b) motion does not raise any factual issues as to the merits of the case, discovery is not appropriate at this time pending resolution of Defendants' Rule 12(b) motion on the merits.

Accordingly,

IT IS ORDERED that Defendants' Objection (**Doc. No. 54**) to the August 29, 2013 Magistrate Judge's Order is SUSTAINED and the Magistrate Judge's August 29, 2013 Order (**Doc. No. 52**) is REVERSED.

IT IS FURTHER ORDERED that Defendants' Motion to Stay Discovery (**Doc. No. 21**) is GRANTED pending the Court's resolution of the Motion to Dismiss.

IT IS FURTHER ORDERED that the Motion to Permit Discovery (**Doc. No. 30**) is DENIED pending the Court's resolution of the Motion to Dismiss.

IT IS FURTHER ORDERED that Discovery is STAYED pending the Court's resolution of the Motion to Dismiss.

IT IS FURTHER ORDERED that Defendants' Motion to Expedite Defendants' Objections to the Magistrate Judge's Order (**Doc. No. 55**) is MOOT.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  October 1, 2014

4

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 1, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager