# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DREW STERRETT,

Plaintiff;

v.

HEATHER COWAN, JAY WILGUS, STACY VANDER VELDE, THEODORE SPENCER, SUSAN PRITZEL, MIKIKO SENGA, E. ROYSTER HARPER, MALINDA MATNEY, ANTHONY WALESBY, and LAURA BLAKE JONES, employees of the University of Michigan, in their personal and official capacities,

Defendants.

Case No: 2:14-cv-11619

Hon. Denise Page Hood

Magistrate Michael J. Hluchaniuk

| DEBORAH GORDON LAW | MILLER, CANFIELD, PADDOCK AND STONE, PLC |
|---|---|
| Gordon, Laughbaum & Prescott | Thomas W. Cranmer (P25252) |
| Deborah L. Gordon (P27058) | David O'Brien (P65532) |
| Carol A. Laughbaum (P41711) | Paul D. Hudson (P69844) |
| 33 Bloomfield Hills Pkwy, Suite 220 | 840 West Long Lake Road, Suite 200 |
| Bloomfield Hills, MI 48304 | Troy, Michigan 48098 |
| dgordon@deborahgordonlaw.com | Telephone: (248) 879-2000 |
| claughbaum@deborahgordonlaw.com | cranmer@millercanfield.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants Heather Cowan, Jay Wilgus, Stacy Vander Velde, Theodore Spencer, Susan Pritzel, E. Royster Harper, Malinda Matney, Anthony Walesby, and Laura Blake Jones* |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S APPEAL OF MAGISTRATE HLUCHANIUK'S RULING TO HOLD IN ABEYANCE PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT

Plaintiff's objections to Magistrate Hluchaniuk's order holding in abeyance a decision on Plaintiff's motion to amend his complaint is based on a single faulty premise: that there is an "urgency" to immediately resolve this case because he is experiencing "irreparable harm" through the "denial of access to a post-secondary four year degree program." ECF No. 75, at 2. Plaintiff would have this Court believe that his entire life is on hold, and that he has no ability to go to college or do anything productive until such time as his claims are adjudicated. But that is demonstrably false. Indeed the University of Michigan has written Plaintiff a series of letters – including both before the start of the current fall semester and, more recently, in advance of the upcoming winter term – making clear that he is eligible to enroll in classes at any time. *See* Correspondence between David O'Brien and Deborah Gordon (attached as Exhibit A). To do so, he needs to complete a single training session on sexual consent, read a book approved by the University, and write a short reflection essay.

Importantly, as the University has made explicitly clear in its letters to Mr. Sterrett, *none* of these conditions requires Plaintiff to admit any wrongdoing or otherwise prejudice his position in this case. All of them can be completed in a matter of days. Plaintiff, however, has declined to take the simple steps required for his return. That is certainly his choice, but he cannot now claim that there is a sudden urgency to decide a motion to amend his complaint so that he can go to

college. The power for Plaintiff to continue his education rests entirely in his own hands.

Plaintiff also argues that there is an urgent need to move this case forward because of the supposed impending departure of the witnesses he wants to depose. But the only deposition notices he has issued to date are those of the individual defendants who, if this case is allowed to proceed, are committed to appear for deposition and otherwise fulfill their discovery obligations.[1] And while there may be additional third party witnesses from whom Plaintiff may seek testimony, those individuals are all current University students who will be enrolled at least through next spring. Plaintiff's claim that he faces an immediate and "irredeemable" loss of evidence is nothing more than hyperbole, designed to create a sense of urgency where there is no need for it. ECF No. 75, at 3.

Plaintiff is also incorrect in his assertion that Magistrate Hluchaniuk's decision to hold his motion to amend in abeyance is "without any legal basis" because "the Title IX claim within the proposed amendment is independent of and

---

[1] Plaintiff is correct that Mikiko Senga has moved out of the United States. However, despite the supposed urgent need to move this case forward, Plaintiff has not yet even bothered to serve her with a copy of the complaint. Moreover, Ms. Senga's departure has nothing to do with any delay occasioned by Magistrate Hluchaniuk's ruling. She graduated from the University of Michigan and moved to Switzerland to work for the World Health Organization during the one-year period that Plaintiff waited to file his complaint following the conclusion of the abundant process afforded him by the University.

3

totally distinct from the claims challenged in the 12(b)(6) motion." ECF No. 75, at 5. As Plaintiff is well aware, the basis for Defendants' opposition to the proposed amendment is that he has failed to state a Title IX claim because he has merely repeated the same allegations underlying his due process claim, and then added a few formulaic and conclusory statements that the University failed to provide him due process due to "gender discrimination." Conspicuously absent from the proposed amendment is any particularized or independent factual basis to suggest that the University supposedly violated his rights because he is male. *See, e.g., Yusuf v. Vassar College*, 35 F.3d 709, 715 (2nd Cir. 1994) (holding that a plaintiff must allege "particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding" to support a Title IX claim, and that "conclusory allegation[s] of gender discrimination" do not suffice).

Plaintiff still fails to make that link. Indeed while he tells this Court that he has supposedly discovered "new information supportive of additional legal theories," he conveniently fails to identify what that evidence is. ECF No. 75, at 3. The reason for Plaintiff's silence is that there is nothing new. He is simply trying to avoid the dismissal of this lawsuit by taking a faulty due process claim and adding the buzz word "gender discrimination" to transform it into a Title IX case. Slapping a new legal label on an otherwise deficient claim does nothing to save his lawsuit. Magistrate Hluchaniuk's decision to hold in abeyance a decision on

4

Plaintiff's gender discrimination claim pending this Court's ruling on the underlying due process violation was eminently reasonable. There is no basis to overturn it.

        Respectfully submitted,

        MILLER, CANFIELD, PADDOCK AND STONE, PLC

        By:   s/ David D. O'Brien
              Thomas W. Cranmer (P25252)
              David D. O'Brien (P65532)
              Paul D. Hudson (P69844)
              Miller Canfield Paddock & Stone, PLC
              840 West Long Lake Road, Suite 200
              Troy, Michigan 48098
              Telephone: (248) 879-2000
              cranmer@millercanfield.com
              *Counsel for Defendants*

Date: December 16, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will serve all registered parties.

              MILLER, CANFIELD, PADDOCK AND STONE, PLC

              By:   s/David D. O'Brien
                    Thomas W. Cranmer (P25252)
                    David D. O'Brien (P65532)
                    Paul D. Hudson (P69844)
                    Miller Canfield Paddock & Stone, PLC
                    840 West Long Lake Road, Suite 200
                    Troy, Michigan 48098
                    Telephone: (248) 879-2000
                    cranmer@millercanfield.com
                    *Counsel for Defendants Heather Cowan, Jay Wilgus, Stacy Vander Velde, Theodore Spencer, Susan Pritzel, E. Royster Harper, Malinda Matney, Anthony Walesby, and Laura Blake Jones*

Date: December 16, 2014

# EXHIBIT A

Founded in 1852
by Sidney Davy Miller

**MILLER CANFIELD**

DAVID D. O'BRIEN
TEL (734) 668-7761
FAX (734) 747-7147
E-MAIL obrien@millercanfield.com

Miller, Canfield, Paddock and Stone, P.L.C.
101 North Main, Seventh Floor
Ann Arbor, Michigan 48104
TEL (734) 663-2445
FAX (734) 747-7147
www.millercanfield.com

MICHIGAN: Ann Arbor
Detroit • Grand Rapids
Kalamazoo • Lansing • Troy
FLORIDA: Tampa
ILLINOIS: Chicago
NEW YORK: New York
OHIO: Cincinnati
CANADA: Toronto • Windsor
CHINA: Shanghai
MEXICO: Monterrey
POLAND: Gdynia
Warsaw • Wroclaw

August 6, 2014

Via Email and First Class Mail

Deborah L. Gordon
Deborah L. Gordon PLC
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, MI 48304

Re: *Drew Sterrett v. Heather Cowan, Jay Wilgus, et al.*
U.S. District Court Case No. 2:14-cv-11619

Dear Ms. Gordon:

I am writing to correct a misstatement that you have made on several occasions now during the course of your prosecution of the above-referenced lawsuit, including most recently at the status conference that was held before Judge Hood last week. You have indicated that your client is banned from attending classes at the University of Michigan and cannot return until he acknowledges that he sexually assaulted Carolyn Birch. This is simply not true.

As you should already be aware from the email correspondence that Catherine Dehlin sent you on March 27, 2014, your client is able to return to the University of Michigan and could do so as early as the upcoming fall semester. He does presently have a hold in place preventing registration for any classes because he has failed to complete the sanctions identified by OSCR in its letter dated July 29, 2013. However, as explained in that letter, that hold will be removed when he completes a single one-on-one training session on sexual consent, drafts a reflective essay on a book approved by OSCR, and meets with the director of OSCR to plan for his reentry to the University community. None of these sanctions require any admission of wrongdoing.

The bottom line is that your client's college career is not in limbo while this litigation is pending. The power to return to the University of Michigan remains entirely within his hands. He explicitly advised Stacy Vander Velde in December of last year that he does not wish to re-enroll. We respect that decision. However, it is a choice that he is making, and not an outcome that is being dictated on his behalf. If he changes his mind, the steps for removing the hold by OSCR are straightforward, and we invite him to complete them.

22747844.1\060548-00402

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

-2-  August 6, 2014

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Miller, Canfield, Paddock and Stone, P.L.C.

By: _____
David D. O'Brien

DDO/ddo

Founded in 1852
by Sidney Davy Miller

**MILLER CANFIELD**

DAVID D. O'BRIEN
TEL (734) 668-7761
FAX (734) 747-7147
E-MAIL obrien@millercanfield.com

Miller, Canfield, Paddock and Stone, P.L.C.
101 North Main, Seventh Floor
Ann Arbor, Michigan 48104
TEL (734) 663-2445
FAX (734) 747-7147
www.millercanfield.com

MICHIGAN: Ann Arbor
Detroit • Grand Rapids
Kalamazoo • Lansing • Troy
FLORIDA: Tampa
ILLINOIS: Chicago
NEW YORK: New York
OHIO: Cincinnati
CANADA: Toronto • Windsor
CHINA: Shanghai
MEXICO: Monterrey
POLAND: Gdynia
Warsaw • Wroclaw

November 19, 2014

<u>Via First Class Mail</u>

Deborah L. Gordon
Deborah L. Gordon PLC
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, MI 48304

Re:   *Drew Sterrett v. Heather Cowan, Jay Wilgus, et al.*
      **U.S. District Court** Case No. 2:14-cv-11619

Dear Ms. Gordon:

With the fall semester at the University of Michigan rapidly coming to a close, I am writing once again to let you know that your client, Drew Sterrett, may return to the University for the upcoming winter semester upon completion of the three items set forth in Stacy Vander Velde's letter dated July 29, 2013. Specifically, he must complete a single one-on-one training session on sexual consent, draft a reflective essay on a book approved by the Office of Student Conflict Resolution, and meet with Stacy Vander Velde to plan for his reentry to the University community.

You have expressed concern in the past that Mr. Sterrett is required to admit to wrongdoing in order to register for classes. That is not a condition of his re-entry to the University. Mr. Sterrett is not required to acknowledge misconduct to resume his studies. The University has already adjudicated this guilt. His continued effort to dispute that finding has not and will not impact his ability to return.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

Deborah L. Gordon           -2-           November 19, 2014

Please be advised that classes for the winter term begin on January 7, 2015. If your client wishes to register, I would suggest that he contact Ms. Vander Velde as soon as possible to schedule the sexual consent training, obtain the reading list, and set a completion date for the reflection essay. If he does not wish to do so, he can still complete these sanctions for future semesters. I just want to make sure he understands that he has the ability to continue his education at the University if he so chooses.

Very truly yours,

Miller, Canfield, Paddock and Stone, P.L.C.

By: _____ (with permission)
      David D. O'Brien

DDO/am

23259124.1\060548-00402