UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DREW STERRETT,**

 Plaintiff,

vs.

**HEATHER COWAN**, **JAY WILGUS, STACY VANDER VELDE, THEODORE SPENCER, SUSAN PRITZEL, MIKIKO SENJA, E. ROYSTER HARPER, MALINDA MATNEY, ANTHONY WALESBY** and **LAURA BLAKE JONES,** *employees of the University of Michigan, sued in his or her personal and official capacities, jointly and severally,*

 Defendants.

Case No. 2014-CV-11619
Hon.  Denise Page Hood
Mag. Michael J. Hluchaniuk

_____

| | |
|---|---|
| **DEBORAH GORDON LAW**<br>**Gordon, Laughbaum & Prescott**<br>**Deborah L. Gordon (P27058)**<br>**Sarah S. Prescott (P70510)**<br>Attorneys for Plaintiff<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>Telephone 248 258 2500<br>dgordon@deborahgordonlaw.com<br>claughbaum@deborahgordonlaw.com | **MILLER CANFIELD PADDOCK &**<br> **STONE, P.L.C.**<br>**Thomas W. Cranmer (P25252)**<br>**David O'Brien (P65532)**<br>**Paul Hudson (P69844)**<br>Attorney for Defendants Cowan, Wilgus, Velde, Spencer, Pritzel, Harper, Matney, Walesby & Blake Jones<br>840 West Long Lake Road, Suite 200<br>Troy, Michigan 48098<br>(248) 879-2000<br>cranmer@millercanfield.com<br>hudson@millercanfield.com |

_____

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S APPEAL OF MAGISTRATE HLUCHANIUK'S RULING TO HOLD IN ABEYANCE PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT [DKT 75]**

Plaintiff seeks to do what it takes to move this case as quickly as possible. His proposed amendment, which is at the heart of this appeal, is sufficient to move forward with the case.  Moreover, Defendants' arguments about the supposed lack of urgency are simply misleading and incorrect.  (By way of example, they suggest there is no urgency to this matter because the third party witnesses will not be graduating and leaving the area for at least several weeks, i.e., Spring 2015.  There is urgency because handfuls of witnesses leaving in short order is exactly what concerns Plaintiff.)

But the reality is that the only real, articulated opposition to the amendment is that Plaintiff has supposedly not been specific enough about the nature of his claims—so the attached Exhibit A adds even more detail to the 200-plus paragraph-allegations already made.  There really ought to be no other opposition; the complaint is substantively sound.

Plaintiff urges the Court to GRANT this appeal, and authorize him to file Exhibit A without delay.

**A.    Defendants Mislead as to the Nature of this Matter**

In their response to Plaintiff's appeal, Docket No. 75, Defendants argue there is no urgency to resolving the matter.  The fact is, Plaintiff has been adjudged a criminal-level wrongdoer by the University of Michigan, which is a completely

outrageous and offensive conclusion arrived at in the most irresponsible way possible. As a result, Plaintiff is obliged to indicate on every application to every academic institution in this country that he has suffered a disciplinary removal. Every attempt he had made to mitigate the situation has met with the same result. He is unable to secure an education, period.

Defendants' statement that they have offered him return to campus is no answer. In fact, the representation that he need not admit wrongdoing is totally misleading. According to the University, he need not "admit" guilt, because it has finally and forever adjudged guilt for the rest of us. Hence, the University's "offers" indicate that if he returns, Plaintiff is to be subjected to penalty presumably up to and including expulsion upon finding himself in the environs of the misguided person who concocted the false story that got him removed in the first place. Moreover, he is unable to participate in courses of his choice, lest his accuser choose them as well. He must defer to her movements, class choices, social schedule and the like. In fact, given the University's consistent solicitude toward this misguided woman's fabricated and baseless accusations, it is not even necessary that Plaintiff actually *do* anything at all relating to her; she may simply allege whatever next comes into her mind to harm him, and he will be without procedural protections to respond. This situation is completely intolerable and far beyond what a reasonable person would undertake.

**Proposed Complaint is Sufficient Under Controlling Rules, However, Plaintiff has Supplied Revision**

Defendants' second argument is that Plaintiff's proposed amendment is futile, because Plaintiff does not specify sufficient facts as to the exact disparate treatment he faced. Defendants suggest, for example, that Plaintiff was obliged to articulate the evidence collected during C.B.'s deposition, which prompted the amendment.

These points are incorrect. "The basic requirements for a pleading are set forth in Rule 8(a) and call for 'a short and plain statement of the claim showing that the pleader is entitled to relief....'" *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir.1987) (en banc) (quoting Fed.R.Civ.P. 8(a)). "A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant...." ). A complaint need only provide "fair notice" of the grounds/nature of the claim, and "need not contain detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Motions asserting futility are assessed under the same standards as motions to dismiss for failure to state a claim. Such motions are "disfavored." *E.g.*, *McGlone v. Bell*, 681 F.3d 718, 728 (6th Cir. 2012); *Nuchols v. Berrong*, 141 Fed. Appx. 451, 453 (6th Cir. 2005) ("disfavored and rarely granted"). They may be granted "only if" the moving party is "clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). This Court is

required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Reilly v. Vadlamudi*, 680 F.3d 617 (6th Cir. 2012) (quoting *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007)).

Finally, the burden on a motion of this sort is always on the movant. *E.g., id.* Here, however, the movants have cited no authority whatsoever suggesting that Plaintiff must do more, or be more specific. Plaintiff's existing proposed amended complaint is many pages and contains approximately 150 factual paragraphs. It places Defendants on notice of what is being alleged. Defendants offer no case law showing that it is insufficient, to meet their burden.

Nevertheless, simply to facilitate moving forward, Plaintiff is willing to provide more and more specifics. In the attached Exhibit A, Plaintiff provides a revised proposal, with (a) additional factual allegations, *e.g.,* Paras. 214, 220 (specifying how Plaintiff was treated less favorably, how Defendants' policies/practices affected him) (b) particularized statements specifying the nature of his state law theory (disparate impact/disparate treatment) for the new proposed Count III.

**Relief Requested**

Plaintiff urges the Court to immediately rule to permit the revised amended complaint, Exhibit A, to be filed and for the parties to move forward with

discovery.  This matter is of significant public interest and concern, and all parties will benefit from speedy resolution.

                                  Respectfully submitted,

**DEBORAH GORDON LAW**
**Gordon, Laughbaum & Prescott**
/s/Deborah L. Gordon (P27058)
Sarah S. Prescott (P70510)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304

Dated:  December 23, 2014           (248) 258-2500


## CERTIFICATE OF SERVICE

     I hereby certify that on December 23, 2014 I electronically filed the foregoing document and Exhibit A with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
**Gordon, Laughbaum & Prescott**
/s/Deborah L. Gordon (P27058)
Attorney for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500